[No. 12856.   Department Two.   January 15, 1916.]

CASE THRESHING MACHINE COMPANY, *Appellant*, v.
H. E. WILEY *et al.*, *Respondents*.[1]

HUSBAND AND WIFE — COMMUNITY DEBT — SURETYSHIP. Where a husband signed a note as surety only and received no consideration, it is not a community debt and judgment against the community is properly denied.

EVIDENCE — BEST AND SECONDARY EVIDENCE — LETTERS — SEARCH— DILIGENCE. Secondary evidence as to the contents of a letter is inadmissible on the ground that no diligent search had been made for it, where the witness stated that he had short notice, had searched through his desk and did not find it, and presumed he had it in the file, and counsel asked for a continuance so that it could be produced.

Appeal from a judgment of the superior court for King county, Albertson, J., entered November 27, 1914, upon findings in favor of the defendants, denying a deficiency

[1]Reported in 154 Pac. 437.

judgment upon the foreclosure of a chattel mortgage, tried to the court. Affirmed.

*Shorett, McLaren & Shorett,* for appellant.

*Chas. M. Fouts,* for respondents.

MAIN, J.—On September 19, 1912, one H. E. Wiley purchased from the plaintiff an automobile for $1,800. Of this purchase price, $100 was paid at the time of the sale, and notes were given for the balance secured by a chattel mortgage upon the automobile. One C. T. Dearborn signed the notes with Wiley, but did not sign the mortgage. The notes not being paid as they became due, an action was brought, and a judgment of foreclosure entered. The automobile was sold under the decree, but did not bring a sufficient sum to pay the balance due upon the purchase price. The plaintiff sought a deficiency judgment against Wiley and wife, and Dearborn and wife, and also an individual judgment against Wiley and Dearborn. The court declined to enter a deficiency judgment against the community composed of Dearborn and wife. From this judgment, the plaintiff appeals.

It is claimed that the court erred in refusing to enter a judgment against the community composed of Dearborn and wife. Whether such a judgment should have been entered depends upon whether, when Dearborn signed the notes, he was engaged in a transaction for the benefit of the community. It is claimed by the appellant that Dearborn was to receive a commission of $50 when the purchase price of the automobile should be fully paid. The evidence as to whether or not Dearborn was to receive a commission was conflicting. The trial court found that Dearborn signed the notes as surety only, and that the transaction was not for the benefit of the community composed of himself and wife. After a careful consideration of the evidence, no good reason appears why the finding of the trial court should be disturbed.

If Dearborn signed the notes as surety merely, and was to receive no commission, the transaction was not for the benefit of the community, and no community liability would result. *Way v. Lyric Theater Co.*, 79 Wash. 275, 140 Pac. 320.

During the trial of the case the appellant sought to prove, by secondary evidence, the contents of a letter claimed to have been written by Dearborn's attorney to an agent of the appellant. This evidence was rejected because no proper foundation had been laid. While the agent of the appellant, who claimed to have received the letter, was testifying, he was asked the question whether he had received such a letter, and answered that he had. He was then asked if he had made a search for it, and replied:

"A. Yes, sir. I searched for the letter today. Of course I did not know that I was going to be on this case until last night at 8 o'clock. Q. Well? A. I searched for the letter through my desk today but did not find it. I presume I had it in the file."

Thereupon he was asked to state the contents of the letter. Objection was interposed and sustained upon the ground that the proper foundation had not been laid. At the conclusion of the trial, the appellant requested the trial court to leave the case open for a day or so "until Mr. Wilson could make a search for that letter;" stating, "he has no doubt got that letter, and it seems to me it is very material."

It is a mandate of the law that proof of a fact must be made by the best evidence obtainable. Secondary evidence of the contents of a letter can only be admitted when it is made clearly to appear that diligent search has been made for the primary evidence, and that it cannot be found or produced. *State v. Erving*, 19 Wash. 435, 53 Pac. 717; *Kennedy v. Canadian Pac. R. Co.*, 87 Wash. 134, 151 Pac. 252. In this case, it did not appear that diligent search had been made for the letter and that it could not be produced. The request to the trial court to keep the case open for a day or

so until a search could be made for the letter would seem to negative the idea of a previous diligent search.

Finding no error, the judgment will be affirmed.

MORRIS, C. J., PARKER, HOLCOMB, and BAUSMAN, JJ., concur.