[No. 15212. Department Two. November 19, 1919.]

NATHAN KATZ, *Respondent,* v. ANNA R. JUDD,
*Appellant,* EDWARD JUDD, *Defendant.*[1]

BILLS AND NOTES (7) — CONSIDERATION — POSTPONEMENT OF DEBT.
The postponement of an obligation to a future date by the giving of
a new note is a new and present consideration for the giving of
the note.

SAME (9)—CONSIDERATION—ACCOMMODATION PAPER. The signing
of a note as accommodation party, although without receiving con-
sideration, obligates the party on the note.

HUSBAND AND WIFE (29, 74)—SEPARATE DEBTS—CONTRACTS WITH
HUSBAND JOINTLY. A note by a husband and wife for an obligation
which, before their marriage, was the separate debt of the husband
upon which his future wife was an accommodation party, is the
separate debt of each and not their community debt; nor was its
character changed by the new promise.

SAME (94) — COMMUNITY PROPERTY — JUDGMENT. In an action
against husband and wife upon their joint note, which was not a
community debt, the judgment should be joint and several against
the defendants, but not against the community.

Appeal from a judgment of the superior court for
King county, Jurey, J., entered December 16, 1918,
upon findings in favor of the plaintiff, in an action on
a promissory note, tried to the court. Reversed.

*Edward Judd,* for appellant.

*Chas. C. Curtis* (*Harry Sigmond,* of counsel), for
respondent.

FULLERTON, J.—This is an action upon a promissory
note. The defendant Anna R. Judd interposed a
defense of want of consideration. Judgment went
against her in the court below and she appeals.

In November, 1910, the appellant, then Anna Ras-
dale, was a stenographer in the law office of Edward
Judd. She had theretofore taken title to certain real

[1]Reported in 185 Pac. 613.

property which she held as trustee for him. On the day named, Judd borrowed of the respondent, Katz, the sum of $1,000 and gave a promissory note therefor signed by himself and the appellant. As security for the note, he caused the real property mentioned to be deeded to Katz, taking from him a writing, running to the appellant in her then maiden name, to the effect that he held title to the lands as security for the note. The appellant had no interest in the loan, and it was testified, over the objection of the respondent, that, when she signed the note, she inquired as to the liability she assumed thereby, and that Judd stated to her, in the presence of Katz, that she assumed no liability whatsoever. The note was not paid at maturity, nor was it finally taken up until February 15, 1917. In the meantime one parcel of the land conveyed as security had been lost through a mortgage foreclosure, another had been sold by Katz without the knowledge of Judd, and Judd had made certain payments on the note either in cash or by the performance of legal services. In the meantime, also, Judd and the appellant had intermarried. In the early part of the year 1917, the respondent began pressing Judd for the balance due on the note, and on the day in February named, a settlement of the accounts between the parties was had in which the amounts creditable on the notes were adjusted. The parties also agreed upon the value of the remaining land held by the respondent in trust, and this value was also credited on the note. There then remained due on the obligation the sum of $900, and for this amount Judd gave a new note payable in installments at future dates. When the settlement was finally reached, the respondent insisted that the appellant execute the new note, which she did at the request of her husband, he telling her, when asked for an explanation, that it "was the old Katz matter."

It is to recover upon the last note that the present action is prosecuted.

The defendant Edward Judd at no time questioned his liability on the note. It is insisted on his behalf, however, that there was nothing more than a past consideration for the execution of the new promise. As to the appellant, it is insisted, if we have correctly gathered the meaning of her counsel, that she assumed no liability, not even that of an accommodation party, when she executed the original note,. and as there was only a past consideration for the execution of the new note on the part of the principal obligor, there was no consideration at all as to her, since a past consideration moving not to her but to the principal on the note will not support a promise on her part to pay.

But whether the conclusion contended for would follow were the premise admitted, we have not found it necessary to inquire, as we cannot conclude that the new note was founded entirely upon a past consideration. The obligation evidenced by the original note was due at the time of the execution of the new note. Edward Judd, at least, was then presently obligated to pay it. The postponement of the obligation to a future date was a new consideration moving to him and operated as a present consideration for the execution of the new note. The new note was accepted only after the appellant had signed it. Conceding that she was not obligated on the original note, she became obligated on the new one by her act of signing as an accommodation party, notwithstanding she personally received no consideration for executing the note. Rem. Code, § 3420; *Northern Bank & Trust Co. v. Graves,* 79 Wash. 411, 140 Pac. 328; *Metzger v. Sigall,* 83 Wash. 80, 145 Pac. 72; *Skagit State Bank v. Moody,* 86 Wash. 286, 150 Pac. 425, L. R. A. 1916A 1215; *Knickerbocker Co. v. Hawkins,* 102 Wash. 582, 173 Pac. 628.

The court, on the facts, not only entered a joint and several judgment against the defendants, but entered a judgment against the community composed of the defendants. While judgment in the first of these forms legally follows from the considerations stated, plainly judgment in the latter form does not. The obligation was not a community obligation of the defendants. In its inception it was the obligation of Edward Judd upon which the appellant was, at most, an accommodation party. The subsequent marriage of the makers did not change its character in this respect, nor was its character changed by reason of the new promise. The obligation is still the obligation of the defendant Edward Judd on which his wife is liable as an accommodation party. As such it is the separate obligation of each, not their community obligation, and the judgment entered is erroneous in so far as it makes the obligation a charge upon community property.

The judgment is reversed, and the cause remanded with instructions to modify it in accordance with this opinion.

HOLCOMB, C. J., MOUNT, and PARKER, JJ., concur.