[No. 15609.   Department One.   January 28, 1920.]

GEORGE R. COLE, *as Executor etc., Appellant*, v.
W. G. PETERSON *et al., Respondents.*[1]

EVIDENCE (79)—BEST AND SECONDARY EVIDENCE—PRELIMINARY SEARCH. It is error to admit secondary evidence of the contents of a writing where there was no proof of any search or effort to find and produce the instrument.

Appeal from a judgment of the superior court for King county, Honorable Ivan L. Hyland, Judge *pro tempore*, entered August 7, 1919, upon findings in favor of the defendants, in an action of unlawful detainer, tried to the court. Reversed.

*George B. Cole* and *John Wesley Dolby*, for appellant.

MITCHELL, J.—Plaintiff sued in unlawful detainer in a case of a month to month tenancy, after default in the payment of rent and service of the statutory notice to pay or quit the premises. The complaint is in the usual form. The answer contained important denials and an alleged affirmative defense. The case was tried without a jury, resulting in a judgment for defendants, from which the plaintiff has appealed.

Appellant insists the so-called affirmative defense is not allowable in this kind of an action, but we find it unnecessary to decide the point, for two reasons:

First. It rests upon an alleged written instrument that was not produced at the trial, secondary evidence of the contents of which was erroneously admitted over the objections of appellant, there being no proof of any search or effort on the part of respondents to find and produce the instrument. *Case Threshing Machine Co. v. Wiley*, 89 Wash. 301, 154 Pac. 437.

[1] Reported in 187 Pac. 368.

Second. The evidence does not satisfy us by a preponderance thereof that the instrument referred to by the defense was not one which had been canceled by a writing signed and acknowledged by the parties in interest at a time prior to the commencement of the tenancy.

The record shows the allegations of the complaint were established by a preponderance of the evidence.

The judgment is reversed, and the cause remanded to the trial court to enter judgment in favor of appellant according to the demands of the complaint and those provisions of § 827, Rem. Code, relating to the judgment in case of unlawful detainer after default in the payment of rent.

HOLCOMB, C. J., PARKER, MAIN, and MACKINTOSH, JJ., concur.