[No. 18716.   Department One.   January 5, 1925.]

J. B. MARQUETTE *et al., Respondents,* v. THE NATIONAL
BANK OF ELLENSBURG, *Appellant.,*

E. M. HEYNER *et al., Respondents,* v. THE NATIONAL
BANK OF ELLENSBURG, *Appellant.*[1]

HUSBAND AND WIFE (83)—COMMUNITY DEBT—SURETYSHIP—PRE-
SUMPTIONS—EVIDENCE. The presumption that a note, signed by the
husband alone, was for a community debt, being rebuttable, a bona
fide holder in due course is not entitled to judgment against the
community, in the face of evidence that the husband signed as
surety only and that the note was his separate debt.

Appeal from a judgment of the superior court for
Kittitas county, Davidson, J., entered December 1,
1923, in favor of the plaintiffs, in consolidated actions
to quiet title, tried to the court. Affirmed.

*Edward Pruyn* and *E. E. Wager,* for appellant.

*Ralph Kauffman,* for respondents.

PEMBERTON, J.—Respondents J. B. Marquette and
Anna L. Marquette, his wife, owned as community
property the west half of the northwest quarter of sec-
tion 34, township 18, north, of range 19 east, W. M.,
and in December, 1922, conveyed the property to re-
spondent E. M. Heyner. They inadvertently described
the property as the west half of the northwest quarter
of section 34, township *19,* north, of range 19 east,
W. M. The appellant, on September 4, 1923, secured a
judgment against J. B. Marquette, the grantor, on a
promissory note signed by him and one Simon P.
Fogarty. At the time of the entry of this judgment, the
record title of the real estate described above, and lots
1 and 2, in block 1, in the town of Ellensburg, Washing-
ton, stood in the name of J. B. Marquette.

[1]Reported in 231 Pac. 788.

In October, 1923, the respondent J. B. Marquette and wife commenced an action in the superior court of Kittitas county against the appellant, claiming that the property in Ellensburg is community property; that J. B. Marquette signed the note as surety; that the indebtedness was his separate debt and not that of the marriage community composed of respondent J. B. Marquette and wife, and asked that the lien of the judgment be declared a cloud on their title to the property in question and that the cloud be removed by a decree of the court.

Respondents E. M. Heyner and wife also instituted an action against appellant bank asking that the lien of the judgment of appellant be removed from the northwest quarter of section 34, in township 18, north, of range 19 east, W. M., and that their title to the property be established. These two actions were consolidated and tried together. The court entered judgment and decree in favor of the respondents, from which judgment and decree this appeal is taken.

It is the contention of the appellant that, in the absence of an allegation and proof of fraud or want of consideration, it was no defense to show that J. B. Marquette signed the promissory note as surety, when in fact it does not appear on the note, because such a defense is denied by our statutes relating to negotiable securities.

Appellant says:

"The clear-cut claim of appellant is that the payee of a promissory note taken in good faith and value paid therefor stands in the same position as an innocent purchaser of commercial paper for value in due course before due. . . . The community of which J. B. Marquette is a part could not be heard to say that he was surety in fact, and that the debt, evidenced by said promissory note, was not a community debt."

Appellant relies on the case of *Bradley Engineering & Mfg. Co. v. Heyburn*, 56 Wash. 628, 106 Pac. 170, 134 Am. St. 1127, wherein it is said:

"When we consider that it was the object of the negotiable instruments act to make such instrument certain and to speak the true contract of the parties, thus saving the commercial world the hazard of trumped up defenses or the peril of trying out collateral issues such as suretyship, etc., in case of suit, it would seem that we cannot reject the other sections and give effect only to section 58.    .    .    .    A holder for value, therefore, and a holder in due course are in the same position to challenge any defense based upon a collateral agreement or upon equities existing between the makers by holding up the instrument itself. This construction harmonizes the several provisions of the law, and makes effectual the purpose of the law to make negotiable instruments in fact what they have been only in theory under the law merchant, a certain medium of commercial exchange."

This promissory note in question, being signed by J. B. Marquette alone, was presumed, under the statute, to be a community obligation. *Reed v. Loney*, 22 Wash. 433, 61 Pac. 41. This presumption, however, is one that can be overcome by proof. *Case Threshing Machine Co. v. Wiley*, 89 Wash. 301, 154 Pac. 437. A *bona fide* purchaser of a promissory note signed by the husband alone cannot secure judgment against the community if in fact it is shown that the obligation is the personal obligation of the husband and not of the community. This rule does not make the instrument uncertain. It shows on its face that it is signed by the husband alone and the law merely raises the presumption that it is a community obligation, and this presumption may be overcome by proof.

The judgment was a lien only upon the interest of respondent J. B. Marquette. *Hacker v. White*, 22 Wash. 415, 60 Pac. 1114, 79 Am. St. 945; *Dawson v. McCarty*,

21 Wash. 314, 57 Pac. 816, 75 Am. St. 841. It appearing from the proof that J. B. Marquette did not own the property, that it was owned by the community of J. B. Marquette and wife and E. M. Heyner and Maria M. Heyner, his wife, there was no property subject to the lien of the judgment.

The judgment is affirmed.

MAIN, C. J., PARKER, BRIDGES, and TOLMAN, JJ., concur.