[No. 18728. Department Two. February 13, 1925.]

SPOKANE STATE BANK, *Appellant,* v. JESSE J. TILTON *et al., Respondents,* DEXTER HORTON NATIONAL BANK *et al., Garnishee Defendants.*[1]

HUSBAND AND WIFE (82)—COMMUNITY PROPERTY—LIABILITY FOR DEBTS—NOTE OF HUSBAND. The community property is not liable upon a judgment secured against the husband on his accommodation indorsement guaranteeing a promissory note, although it recited "value received," where the evidence overcomes any presumption that it was for the benefit of the community, and the holder had notice thereof.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered February 1, 1924, upon findings in favor of the defendants, dismissing garnishment proceedings, tried to the court. Affirmed.

*Fred S. Duggan,* for appellant.

*Burcham & Blair,* for respondents.

[1]Reported in 233 Pac. 15.

MACKINTOSH, J.—Respondent Tilton, being desirous of borrowing $1,000 from the appellant, was told that the money would be lent to him on his note, provided he could secure the endorsement of some person satisfactory to the appellant. He thereupon secured the respondent Wagner as such endorser, and the note was executed by Tilton and signed on the back by Wagner under a statement which read, "For value received, I hereby guarantee the within note and waive notice of demand, protest and non-payment." The note remaining unpaid, the appellant brought action thereon and recovered a judgment against both Tilton and Wagner. Then, in an effort to collect the judgment, the appellant instituted garnishment proceedings whereby there was secured money which the bank claims is liable for the payment of the judgment against Wagner, and which Wagner, on the other hand, claims is the community money of himself and his wife and is not liable to the payment of the judgment, which he asserts was a separate one against him alone. From findings and judgment in his favor, the bank has appealed.

The question has to be determined by rules of law and not by rules of ethics. These two rules are not always coincident. It has been long established that community property is not liable for the separate debt of, or judgment against, a member of the community in his separate status. *Shuey v. Holmes,* 20 Wash. 13, 54 Pac. 540; *Case Threshing Machine Co. v. Wiley,* 89 Wash. 301, 154 Pac. 437; *Union Securities Co. v. Smith,* 93 Wash. 115, 160 Pac. 304, Ann. Cas. 1918E 710; *Kanters v. Kotick,* 102 Wash. 523, 173 Pac. 329; *Henning v. Anderson,* 121 Wash. 53, 207 Pac. 1048. The testimony in this case clearly shows that the endorsement by Wagner of the Tilton note was not made on behalf of the Wagner community, which received no benefit therefrom, and the obligation, therefore, is not a com-

munity obligation and the judgment based thereon is not a community judgment, and therefore not collectible out of community funds. The evidence also establishes that the bank knew the exact situation and that Wagner was simply endorsing the check by way of accommodation; that neither he nor the community was receiving any benefit from the transaction.

It is true that the endorsement is preceded by a statement that Wagner's signature was placed there for "value received." In the absence of any testimony regarding consideration, it would be presumed, of course, that value had been received and the presumption would also be that the endorsement had inured to the benefit of the community. However, as already noted, the testimony in the case overcomes any such presumption, and such testimony is permissible under the general rule that failure or lack of consideration may be shown by the party making or endorsing a negotiable instrument, in an action between the original parties thereto.

For the reasons stated, the judgment is affirmed.

FULLERTON, MAIN, MITCHELL, and HOLCOMB, JJ., concur.