[No. 20228.  Department Two.  February 18, 1927.]

C. H. PETERSON, *Appellant,* v. B. F. ZIMMERMAN *et al.,* *Respondents.*[1]

[1] HUSBAND AND WIFE (83)—COMMUNITY DEBT—SURETYSHIP—PRESUMPTIONS—EVIDENCE. The presumption that a note, signed by the husband alone, was for a community debt, being rebuttable, a holder in due course is not entitled to judgment against the community when it conclusively appears that the husband signed as surety only and that the note was his separate debt.

Appeal from a judgment of the superior court for King county, Jones, J., entered May 24, 1926, upon dismissing an action against a community upon a promissory note, tried to the court. Affirmed.

*Howard O. Durk,* for appellant.

*Arthur C. Bannon,* for respondent.

¹Reported in 253 Pac. 642.

13—142 WASH.

Askren, J.—Appellant, as a holder in due course, brought suit against the respondent Zimmerman and the community, consisting of himself and wife, on a note in the sum of one thousand dollars, signed by Zimmerman alone.

At the trial, it was conclusively established that Zimmerman signed the note as an accommodation maker, whereupon the court entered judgment against him personally and dismissed the action as to the community.

[1] But one question is raised by the appeal, i. e.: May the community, in an action on a note signed by one of the members thereof, show that it was signed as an accommodation, that the community received no benefit therefrom, and thus relieve the community from any liability? The question must be answered in the affirmative.

It is admitted that, under our decisions, the community is not liable for a separate debt of the husband. *Spokane State Bank v. Tilton*, 132 Wash. 641, 233 Pac. 15.

But appellant urges that, since by Rem. Comp. Stat., § 3415 [P. C. § 4095] every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value, the maker thereof cannot show that it was signed as an accommodation party when it has passed into the hands of a third party in due course for value. This may be true, so far as the signer is concerned, for he cannot escape liability by showing that he is an accommodation maker. But when the holder seeks to hold the community which is not a signer of the note, there is no statutory provision that intervenes against the community. There is, of course, a presumption that the

note was executed for the community, but this presumption is rebuttable by proof. *Stevens v. Naches State Bank,* 136 Wash. 137, 238 Pac. 918; *Marquette v. National Bank of Ellensburg,* 132 Wash. 181, 231 Pac. 788.

In the last case, this question was disposed of in the following language:

"This promissory note in question, being signed by J. B. Marquette alone, was presumed, under the statute, to be a community obligation. *Reed v. Loney,* 22 Wash. 433, 61 Pac. 41. This presumption, however, is one that can be overcome by proof. *Case Threshing Machine Co. v. Wiley,* 89 Wash. 301, 154 Pac. 437. A *bona fide* purchaser of a promissory note signed by the husband alone cannot secure judgment against the community if in fact it is shown that the obligation is the personal obligation of the husband and not of the community. This rule does not make the instrument uncertain. It shows on its face that it is signed by the husband alone and the law merely raises the presumption that it is a community obligation, and this presumption may be overcome by proof."

The judgment is affirmed.

Mackintosh, C. J., Tolman, Bridges, and Parker, JJ., concur.