HENRY C. AUERNHEIMER *et al., Respondents,* v. GEO. B. GARDNER *et al., Appellants.*[1]

*Edwards Merges* and *Dore, Beeler & Haven,* for appellants.

*Lewis & Black* and *Bausman, Oldham, Cohen & Jarvis,* for respondents.

HOLCOMB, J.—The facts are undisputed in this case, and the only question to be decided is whether or not the community of appellants is liable to respondents as well as the individual members, separately.

The appeal is from a decree of foreclosure of a real estate mortgage in favor of respondents against both appellants and the community.

On January 18, 1929, appellants, who were then, and at all times since have been, husband and wife, secured from Osner & Mehlhorn, a corporation, a mortgage loan of thirty-five hundred dollars, in consideration for which they executed and delivered to Osner &

[1]Reported in 31 P. (2d) 515.

Mehlhorn three negotiable promissory notes aggregating thirty-five hundred dollars, signed by both of them. One of these notes was in the sum of fifteen hundred dollars, and the other two were for one thousand dollars each. The mortgage given to secure the payment of these notes incumbered real property which was the separate property of the wife, and the mortgage was accordingly signed by her and not by her husband. Osner & Mehlhorn insisted on having both husband and wife join in the execution of the notes, and they accordingly both signed the notes and thereby obtained the loan of thirty-five hundred dollars. Long before the maturity of these notes, Osner & Mehlhorn sold and endorsed the fifteen hundred dollar note to respondent Van Valkenburgh and the two one thousand dollar notes to the predecessor in interest of respondent Auernheimer.

The interest on these notes was paid for a considerable time by appellants from their community funds, but finally they defaulted, and this mortgage foreclosure action was instituted in which respondents sought and obtained judgment against them individually and as a marital community.

At the trial, appellants introduced evidence to the effect that the proceeds of this mortgage loan, together with other funds which were admittedly community funds, were used in discharging items of indebtedness against the mortgaged property and items of expense in connection with the burial of one Paul, father of appellant, the wife. Appellants relied exclusively upon that evidence as establishing that the marital community received no benefit from this mortgage loan, from which they assert that the trial court erroneously entered judgment against them as a marital community, which is the only error assigned by appellants.

■ It is so well settled in this state as to need no citation of authority that, when a husband alone signs a note, it is presumptively a community obligation, which presumption may be overcome by evidence that is clear and convincing. It is also equally well settled that the community is not liable for the separate debt of the husband. *Katz v. Judd,* 108 Wash. 557, 185 Pac. 613; *Spokane State Bank v. Tilton,* 132 Wash. 641, 233 Pac. 15; *Peterson v. Zimmerman,* 142 Wash. 385, 253 Pac. 642.

Particular reliance is placed by appellants on the *Katz* case, *supra.* It is insisted that if the rule established in that case is followed, it must result in a reversal of the judgment in this case, in so far as the marital community is concerned.

Much ado about nothing was made by respondents in the lower court, and is made here, about the *Katz* case, as being wrong in principle.

That case arose between the original parties to the note, and did not involve the rights of a holder in due course, as does the case at bar. In that case, one who was not the wife of the maker of the note signed the note for him purely as an accommodation party, which, under all rules, would make it his separate debt and not hers. It did, however, personally obligate her on the note. Afterwards, the parties married, and after their marriage a new note was made for the same obligation, which at all times had been and then was the separate obligation of the husband. The status of that obligation was, of course, established when the original note was executed. It remained the separate obligation of Judd and not that of the marital community. The respective liabilities remained the same as if they had never intermarried.

The case was correctly decided on the peculiar con-

ditions there existing, to the effect that the signing of the note as accommodation party, although without receiving consideration, obligated the party on the note; and that a note by a husband and wife for an obligation which, before their marriage, was the separate debt of the husband upon which his future wife was merely an accommodation party, is the separate debt of each and not their community debt; nor was its character changed by the new promise. The result and the reasoning in that case were correct, but wholly inapplicable here.

In the instant case, appellants as a marital community were actually benefited by the mortgage loan, which was not so in the *Judd* case, *supra,* because they, as a marital community, became the owners of funds received from Osner & Mehlhorn which were available for any community use. All parties to the mortgage loan, including appellants, intended that the obligation should be, and it was actually created as, a marital obligation. The promissory notes in this case were actually signed by the husband and wife and thereby signed by the marital community as maker, and the defense that the marital community received no benefit is erroneous.

■ This defense would be untenable as against respondents in any event, as they were admittedly holders for value, in due course, of negotiable paper. Cf. *Bortle v. Osborne,* 155 Wash. 585, 285 Pac. 425, 67 A. L. R. 1152.

The decree is right, and is affirmed.

Tolman, Blake, and Geraghty, JJ., concur.

Beals, C. J., concurs in the result.