[No. 32771.   Department One.   July 26, 1954.]

WILSON BEYERS, *Appellant,* v. CARL MOORE *et al.,*
*Respondents.*[1]

*Ward V. Williams,* for appellant.

*William A. Stiles, Jr.,* for respondents.

MALLERY, J.—This is an action on a promissory note executed by defendants Carl Moore and Alfred Eberli payable to the Meridian Tractor Company, in the amount of $1,785 with interest at eight per cent, for the down payment on an International Crawler tractor.

[1]Reported in 272 P. (2d) 626.

Defendant Moore had arranged to log the timber on land belonging to one Ward. He needed a tractor for the operation. The plaintiff demonstrated an International Crawler tractor to him at his home near Deming, Washington. As Moore was unable to obtain the down payment for the purchase price of the tractor, plaintiff agreed to sell it without the down payment upon a conditional sales contract secured by a guaranteed promissory note. Defendant Moore approached Ward, who declined his request to sign such a note. Plaintiff's agent then took the promissory note in question, with defendant Moore's signature on it, to defendant Eberli, who signed it forthwith.

The logging job for Ward failed to materialize, and defendant Moore used the tractor for occasional bulldozing work for about six weeks, after which he commenced a logging operation for one Sharon. In this operation, defendant Eberli assisted for approximately four days by using his farm tractor to load the logs, for which he was to receive eight dollars a thousand after the tractor was fully paid for. The tractor broke down, and, no payment having been made upon it, the plaintiff repossessed it and, after demand, brought this action on the promissory note against defendants Moore and Eberli and the Moore and Eberli communities.

The trial court granted judgment against Moore, the Moore community, and against Eberli individually, but dismissed the action against the Eberli community with costs. The plaintiff's appeal presents only a question of fact to this court.

Appellant contends the trial court erred in not granting judgment against the Eberli community. The trial court, in its memorandum opinion, said:

"The testimony was very confusing, contradictory and unsatisfactory as to whether or not an understanding or agreement was ever concluded between Mr. Moore and Mr. Eberli, and prior to the sales transaction, as to some working agreement between the defendants whereby the Eberli community could expect or contemplate a benefit as a result of the purchase of the 'cat.' "

■ The burden of proving that the promissory note was not a community obligation was upon the community. *Marquette v. National Bank of Ellensburg*, 132 Wash. 181, 231 Pac. 788; *Spokane State Bank v. Tilton*, 132 Wash. 641, 233 Pac. 15; and *Peterson v. Zimmerman*, 142 Wash. 385, 253 Pac. 642. Otherwise, there is a presumption that the community is liable, which can only be overcome by clear and convincing evidence. *Auernheimer v. Gardner*, 177 Wash. 158, 31 P. (2d) 515; *Morrison v. Dungan*, 182 Wash. 503, 47 P. (2d) 988; and *Meng v. Security State Bank of Woodland*, 16 Wn. (2d) 215, 133 P. (2d) 293.

■ If there was any expectation of benefit to the community from the tractor transaction at the time the note was signed by respondent Eberli, it was a community obligation. *Spinning v. Allen*, 10 Wash. 570, 39 Pac. 151; *Case Threshing Machine Co. v. Wiley*, 89 Wash. 301, 154 Pac. 437; *Zarbell v. Mantas*, 32 Wn. (2d) 920, 204 P. (2d) 203; and *Fies v. Storey*, 37 Wn. (2d) 105, 221 P. (2d) 1031.

■ This court will not disturb findings of fact made by a trial court, unless the evidence clearly preponderates against them, but we think it does in this case because of respondent Eberli's admission during the trial. He said:

"Q. Referring to this pre-trial deposition again, question: 'We are talking about the time that Mr. Beyers first brought the cat out. Is this a fair statement: that you said you would help Moore out and would work for him and not take any pay until the cat was paid for; is that a fair statement?' And your answer was: 'Yes.' Do you deny that that is the question and answer? A. I don't remember. It seems to me you did say something about that, yes. Q. *Question: 'Is it also a fair statement to say that your compensation would be eight dollars a thousand?' and your answer was: 'Yes.' Is that correct?* A. Yes." (Italics ours.)

This admission precludes the evidence from being clear and convincing enough to negative the presumption of community liability.

Having reversed the *finding of fact* made by the trial court upon this matter, that part of the *judgment* which

dismissed the Eberli *community* with costs, must be reversed also.

That part of the judgment which dismisses the Eberli community, is reversed. The judgment is affirmed in all other respects.

GRADY, C. J., HAMLEY, FINLEY, and OLSON, JJ., concur.