**In re Daniel Wood HOMAN, Debtor.**

**Dennis Lee BURMAN,
Trustee, Appellant,**

**v.**

**Carolyn Elizabeth HOMAN, Ja–Ca–Nel Properties, Inc., dba Nelson Distributing, Inc., Bill Pierre Leasing, Inc., dba American Lease Co., Appellees.**

**BAP Nos. WW–89–1115–MeAsJ,
WW–89–1147–MeAsJ.
Bankruptcy No. 88–00875–Y7.
Adv. No. A88–06149.**

United States Bankruptcy Appellate Panel, for the Ninth Circuit.

Argued and Submitted July 21, 1989.

Decided Dec. 15, 1989.

Order Denying Motion for Rehearing March 13, 1990.

Dennis Lee Burman, Arlington, Wash., trustee.

Donald T. Tesch, Edmonds, Wash., for Carolyn Homan.

James W. Aiken, Seattle, Wash., for Bill Pierre Leasing.

Before MEYERS, ASHLAND and JONES, Bankruptcy Judges.

## OPINION

MEYERS, Bankruptcy Judge:

## I

This appeal raises two questions. The first is whether federal bankruptcy law permits a nondebtor spouse to claim a state homestead exemption in community property where the debtor spouse schedules federal exemptions in unrelated property. The second is whether unrecorded judg-ments against a marital community create valid liens upon the real property of the marital community under Washington law. We REVERSE in part and AFFIRM in part.

## II

## FACTS

Daniel Wood Homan and Carolyn Elizabeth Homan, a married couple, purchased twenty acres of real property ("Island Property") in Island County, Washington and resided there continuously in a mobile home until their separation in October 1986. Daniel incurred debts prior to the separation. The creditors to whom the debts were owed, Ja–Ca–Nel Properties, Inc. ("JPI") and Bill Pierre Leasing, Inc. ("BPL"), sought and obtained judgments against both Daniel and his marital community. One judgment was obtained in Island County. The other was obtained elsewhere and then filed as a certified abstract in Island County. Neither was recorded.

Daniel filed an individual Chapter 7 petition in February 1988 and thereafter prepared a schedule of assets which included the Island Property. He claimed a number of federal exemptions in the assets of the bankruptcy estate, but did not include an exemption in the Island Property. This failure prompted Carolyn, who was at the time the sole resident of the Island Property, to take action to protect her interest. She did so by declaring a state homestead exemption.

The trustee sought by complaint to establish that Carolyn had no right to claim a homestead exemption and that neither JPI nor BPL had acquired valid liens upon the Island Property in light of their failure to *record* their judgments. The parties thereafter filed cross-motions for summary judgment.

The trial court issued its findings of fact and conclusions of law on January 27, 1989. The court determined that an automatic state homestead exemption arose to protect the interest of Carolyn in the Island Property and that the judgments of JPI and BPL resulted in the creation of valid liens.

The trustee filed a notice of appeal from the court's informal decision on February 4, 1989 and summary judgment was thereafter entered on June 1, 1989.

## III

### BASIS OF JURISDICTION

■ The jurisdiction of this Panel extends to final judgments, orders and decrees. 28 U.S.C. § 158(b)(1). We retain jurisdiction in the matter at hand notwithstanding the premature filing of this notice of appeal because appeals are deemed timely even where they precede the entry of the orders from which they are taken. *In re Allustiarte*, 848 F.2d 116, 117 (9th Cir. 1988); *In re Stuerke*, 61 B.R. 623, 625 (9th Cir. BAP 1986).

## IV

### STANDARD OF REVIEW

■ A summary judgment should be affirmed only if it appears after reviewing all evidence and factual inferences in a light most favorable to the non-moving party that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Bankruptcy Rule 7056; Fed.R.Civ.P. 56(c); *In re Orosco*, 93 B.R. 203, 206–07 (9th Cir. BAP 1988); *In re Stuerke, supra*, 61 B.R. at 625. The review of a summary judgment is conducted de novo.: *In re Softalk Publishing Co., Inc.*, 856 F.2d 1328, 1330 (9th Cir.1988); *Orosco, supra*, 93 B.R. at 207.

## V

### DISCUSSION

A. *Capacity of Nondebtor Spouse to Exempt Community Property*

■ Carolyn urges, and the trial court so found, that a nondebtor spouse may employ a state homestead exemption in community property notwithstanding the scheduling of unrelated federal exemptions by the debtor spouse. We disagree.

■ The filing by a spouse of an individual bankruptcy petition creates an estate which encompasses *community property* that is under the spouse's joint management and control as of the date of the petition. 11 U.S.C. § 541(a)(2)(A); *In re Fietz*, 852 F.2d 455, 458 (9th Cir.1988); *In re Willard*, 15 B.R. 898, 900 (9th Cir. BAP 1981). The right to claim exemptions in this property vests *solely* in that spouse. 11 U.S.C. § 522(b). *See* 4 *Collier on Bankruptcy*, ¶ 541.15 at 541–82 (15th ed. 1989).

■ The property in which Carolyn seeks to establish a homestead exemption is community property because it was acquired during her marriage to Daniel. *See* Wash.Rev.Code Ann. § 26.16.030(1986); *In re Brooks*, 79 B.R. 479, 481 (9th Cir. BAP 1987), *aff'd*, 871 F.2d 89 (9th Cir.1989). As community property, it was subject to Daniel's joint management and control and so entered his bankruptcy estate. Wash.Rev. Code Ann. § 26.16.030(3)–(4) (1986); *See* Cross, *The Community Property Law in Washington*, 49 Wash.L.Rev. 729, 820 (1974); Cross, *Equality for Spouses in Washington Community Property Law— 1972 Statutory Changes*, 48 Wash.L.Rev. 527, 541 (1973). The entry of the property into his bankruptcy estate gave him the exclusive right to claim exemptions therein. 11 U.S.C. § 522(b). Daniel, of course, claimed a number of federal exemptions in property other than the Island Property. This decision binds Carolyn.

■ The conclusion that Carolyn is bound by Daniel's failure to file a homestead exemption in the Island Property is not subject to modification under the provision of the Bankruptcy Code which permits a nondebtor spouse to declare exemptions as a *dependent* of a debtor spouse. 11 U.S.C. § 522(a)(1) and § 522(*l*). Where a debtor files a list of property exemptions claimed under federal law, even an incomplete list, nothing in the language or legislative history of Section 522(*l*) suggests that nondebtor dependents may supplement this list with state exemptions or further federal exemptions.

■ Even if Section 522(*l*) were construed to entitle a dependent to supplement an incomplete list of exemptions, the supplemental exemptions would be required to

be consistent with those already claimed by the debtor. Congress designed Section 522(b) to encourage spouses to file jointly. It was apparently thought that the joint administration of spousal petitions would promote more efficient administration of bankruptcy cases and prevent individual debtor spouses from manipulating the exemption laws by mixing state and federal exemptions.[1]

By seeking to mix a state homestead exemption with the unrelated federal exemptions claimed by Daniel, Carolyn seeks to do as a nondebtor spouse what she would be prohibited from doing as a joint debtor spouse. We will not approve such an effort as it would plainly work to discourage spouses from engaging in the preferred system of joint administration. The technical argument that a nondebtor spouse falls beyond the literal terms of Section 522(b) is unpersuasive.

■ What may seem at first blush a hard result for nondebtor spouses is normally compensated for by other Code provisions. First, prior to the consummation of a sale of community property by the estate of a debtor spouse, the nondebtor spouse has a right of first refusal to purchase the property at the proposed sale price. Section 363(i). Moreover, a nondebtor spouse in a community property state typically benefits from the discharge of the debtor spouse. According to Section 524(a)(3), after-acquired community property is protected by injunctions against collection efforts by those creditors who held allowable community claims at the time of filing. This is so even if the creditor claim is against only the nonbankruptcy spouse; the after-acquired community property is immune. 3 *Collier on Bankruptcy, supra,* ¶ 524.01[2].[2]

### B. *Validity of the Judgment Liens*

The trial court determined that the unrecorded judgments of JPI and BPL created valid judgment liens upon the Island Property. We agree.

■ Community debts arise in Washington where one spouse incurs an obligation in the acquisition of a community asset or in the management of community property. *Beyers v. Moore,* 45 Wash.2d 68, 272 P.2d 626, 627 (1954); *Oregon Improvement Co. v. Sagmeister,* 4 Wash. 710, 30 P. 1058 (1892); Cross, *supra,* 49 Wash.L.Rev. at 820. A judgment obtained in satisfaction of such debts will automatically create a lien upon real property of the community where the judgment is obtained in the county where the real property is situated. Wash.Rev.Code Ann. §§ 26.16.040, 4.56.-190, 4.56.200(1) (1986). A lien will likewise arise where the judgment is obtained in a county other than the one where the real property is situated if a certified abstract is filed in the situs of the property. Wash. Rev.Code Ann. § 4.56.200(2) (1986).

■ The uncontroverted evidence here indicates that judgments were entered against both Daniel *and* his marital community. Because no attempt was made by the trustee to rebut this inference of community liability during the proceedings before the trial court, we conclude for purposes of this appeal that the debts owed to JPI and BPL were community debts. *Beyers, supra,* 45 Wash.2d 68, 272 P.2d 626, 627 (1954); Cross, *supra,* 49 Wash.L.Rev. at 822. Because the judgments arising in satisfaction of these debts were either obtained in Island County or recorded there by certified abstract, valid liens were created in favor of JPI and BPL.

The arguments to the contrary are unpersuasive. While, with a few exceptions, it may be true that judgment liens will not arise in Washington upon property in which a homestead exemption has been claimed, the evidence here indicates no en-

---

1. Section 522(b) provides that where a husband and wife become debtors and their cases are jointly filed or jointly administered, they must elect the same slate of exemptions. The section further provides that if the debtor spouses are unable to agree on the alternative to elect, they are deemed to elect *federal* exemptions.

2. In the instant case, however, Carolyn Homan may be disqualified from this benefit of Daniel's discharge owing to a Chapter 13 proceeding filed by Carolyn which was later dismissed. Section 524(b)(1).

titlement to such exemption. *See Traders'
Nat'l Bank v. Schorr,* 20 Wash. 1, 8–9, 54
P. 543 (1898).

## VI

## CONCLUSION

· A nondebtor spouse may not claim a
state homestead exemption in community
property where the debtor spouse has
scheduled a list of federal exemptions in
unrelated property. Where no homestead
exemption is available, unrecorded judg-
ments against the debtor spouse and the
marital community create valid liens upon
the real property of the marital community
under Washington law. REVERSED in
part and AFFIRMED in part.

## ORDER DENYING MOTION FOR REHEARING

Following argument and submission of
the above-captioned case on July 21, 1989
at Seattle, Washington an Opinion was is-
sued by the Panel reversing in part and
affirming in part the judgment of the trial
court. Appellant Dennis Lee Burman,
Trustee, moves for reconsideration of that
portion of the Opinion holding that judg-
ment liens attach to the Island County real
property.

The Island County real property is
community property subject to the debtor's
joint management and control. Wash.Rev.
Code Ann. § 26.16.030 (1986). Therefore
the *entire* property becomes part of the
bankruptcy estate of the debtor, notwith-
standing that the Appellee Carolyn Homan
is not a debtor. 11 U.S.C. § 541(a)(2). The
issue in the Motion for Rehearing is wheth-
er Bill Pierre Leasing, Inc. and Ja–Ca–Nel
Properties, Inc. obtained judgment liens
against the Island County property in the
hands of the *estate.* This differs from the
unfaced question of whether, *outside of
bankruptcy,* a judgment lien attaches on
the property against the interests of the
non-debtor spouse.

As the Opinion in this case details,
the Island County property *in the hands of
the estate* is not subject to a state home-
stead exemption because the debtor did not

elect such exemption and his nondebtor
spouse is not entitled to elect such an ex-
emption for her husband's estate. *See also
In re Persky,* 893 F.2d 15 (2d Cir.1989) a
tenancy by the entirety case holding that
the balancing test of Section 363(h) must be
used in determining whether to allow a
trustee's sale of the present possessory
interest of a non-debtor spouse in the mari-
tal residence. The Second Circuit sup-
ported its decision permitting such a sale in
part on the protections of Section 363(i)
ensuring the spouse a right of first refusal
in the property.

Since the *estate* property is therefore not
subject to a state homestead exemption,
the lien interests of Bill Pierre Leasing,
Inc. and Ja–Ca–Nel Properties, Inc. are
governed by the general Washington state
provisions concerning judgment liens rath-
er than the special provisions concerning
judgment liens on homestead property.

As explained in the Opinion deciding this
Appeal, the judgments of these two credi-
tors were obtained against both Daniel and
his marital property. According to Wash.
Rev.Code Ann. §§ 26.16.040, 4.56.190 and
4.56.200(1) a judgment on such debts auto-
matically creates a lien upon community
real property in the county in which the
judgment is obtained. Bill Pierre Leasing,
Inc. obtained its judgment in Island County
and therefore a judgment lien attached au-
tomatically to the Island County property
in favor of this creditor.

According to Wash.Rev.Code Ann.
§ 4.56.200(2) a lien arises on community
real property located in a county different
from that in which the judgment is ob-
tained if a certified abstract of the judg-
ment of the Superior Court of the issuing
county is filed with the Superior Court in
which the real property is situate. Ja–Ca–
Nel Properties, Inc. obtained a judgment
against the debtor in Snohomish County
Superior Court and filed an abstract of this
judgment with the Island County Court
Clerk.

In summary, since no state homestead
exemption was validly claimed against the
debtor's estate in bankruptcy, the judg-

ment liens of Bill Pierre Leasing, Inc. and Ja–Ca–Nel Properties, Inc. are not governed by the Washington state homestead provisions *for purposes of asserting such liens against the trustee in bankruptcy.* In view of the foregoing it is hereby ORDERED that the Motion for Rehearing is DENIED.