

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>HERMANN MUENNICHOW,<br>　　　　　　Debtor. | BAP No.　CC-24-1212-GNL<br><br>Bk. No. 1:17-bk-10673-VK |
| HELAYNE MUENNICHOW,<br>　　　　　Appellant,<br>v.<br>DAVID SEROR, Chapter 7 Trustee,<br>　　　　　Appellee. | **MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the Central District of California
Victoria S. Kaufman, Bankruptcy Judge, Presiding

Before: GAN, NIEMANN, and LAFFERTY, Bankruptcy Judges.

## INTRODUCTION

Helayne Muennichow, the non-filing spouse of chapter 7[1] debtor

Hermann Muennichow ("Debtor"), appeals the bankruptcy court's order

authorizing chapter 7 trustee David Seror ("Trustee") to sell real property

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

located in Murrieta, California (the "Murrieta Property") and denying

Ms. Muennichow's assertion of a separate homestead exemption in the

proceeds of that sale.

The appeal of the sale is moot, and our review is limited to whether

Ms. Muennichow can assert a separate homestead exemption in proceeds

from the sale of the Murrieta Property. We discern no error in the

bankruptcy court's ruling.

Accordingly, we DISMISS as moot the portion of the appeal

pertaining to the order authorizing the sale of the Murrieta Property, and

we AFFIRM the bankruptcy court's determination that Ms. Muennichow is

not entitled to claim an exemption in proceeds of the Murrieta Property

sale.

## FACTS[2]

### A.  Prepetition events and Debtor's bankruptcy filing

Debtor and Ms. Muennichow were married in 1983. They purchased

a home in Agoura Hills, California (the "Agoura Hills Property") in 2006,

and they purchased the Murrieta Property in 2010. The Muennichows

owned both properties as community property.

In 2013, Ms. Muennichow filed a petition for divorce. The parties

agreed that Debtor would transfer his interest in the Murrieta Property to

---

[2] We exercise our discretion to take judicial notice of documents electronically filed in the bankruptcy case and related adversary proceedings. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

Ms. Muennichow to facilitate a refinance of the property, and in exchange, Ms. Muennichow would transfer her ownership in Debtor's accounting practice. They executed a stipulation which provided that, notwithstanding the transfers, they would each retain their respective community property interests. In 2016, Debtor executed a quitclaim deed facially transferring his interest in the Murrieta Property to Ms. Muennichow.

In March 2017, while the dissolution proceeding was pending, Debtor filed a chapter 7 petition. He scheduled his interest in the Agoura Hills Property and disclosed the transfer of his interest in the Murrieta Property, but he did not include the Murrieta Property as an asset. He amended his schedules to claim a homestead exemption of $107,610 in the Agoura Hills Property. Debtor died a few months later in November 2017.

In July 2017, Trustee filed an adversary complaint to recover the Murrieta Property as a fraudulent transfer. The bankruptcy court entered judgment for Ms. Muennichow because Trustee did not prove a fraudulent transfer, but the court noted in its oral ruling that the stipulation provided the Murrieta Property would remain community property and Ms. Muennichow continued to characterize it as community property in state court filings as late as October 2017.

In March 2021, the bankruptcy court granted Trustee's motion to sell the Agoura Hills Property. No party appealed, and the sale closed in April 2022. Trustee retained Debtor's exempt proceeds pending further order of the court.

3

Three months later, Trustee filed an application to employ a broker to market and sell the Murrieta Property. He argued that the court's oral ruling in the adversary proceeding conclusively determined that the Murrieta Property was property of the estate. Ms. Muennichow opposed the application. She maintained that the Murrieta Property was not property of the estate, and the court did not make any specific findings regarding the characterization of the property in its prior ruling.

After additional briefing and a continued hearing, the bankruptcy court concluded that Ms. Muennichow was not estopped from arguing the Murrieta Property was not property of the estate, but it held that the quitclaim transfer from Debtor to Ms. Muennichow did not effectively transmute the Murrieta Property into separate property because the stipulation between the parties expressly stated that Debtor's community property interests in the Murrieta Property would be preserved.

Ms. Muennichow appealed the bankruptcy court's decision, and in March 2023, the United States District Court for the Central District of California (the "District Court") affirmed. Ms. Muennichow did not appeal the District Court's ruling.

Trustee then filed an adversary complaint for turnover of the Murrieta Property and an order compelling Ms. Muennichow to assist Trustee in his efforts to market and sell the property. He alleged that Ms. Muennichow was continuing to occupy the Murrieta Property and not cooperating with Trustee. In opposition, Ms. Munnichow asserted the

4

Murrieta Property was over-encumbered and could not be administered for the benefit of the estate.

Approximately one year later, Trustee and Ms. Muennichow executed a stipulation to resolve the adversary proceeding. Ms. Muennichow agreed to cooperate with Trustee's efforts to market and sell the Murrieta Property for approximately six months, and Trustee agreed to abandon the Murrieta Property after the six-month marketing period if he could not obtain a purchase offer sufficient to provide funds to the estate. The court approved the stipulation in August 2024.

On November 20, 2024, Trustee filed a motion to sell the Murrieta Property pursuant to § 363(b), (f) and (i) at a price that would yield net proceeds of approximately $290,635 for the estate. In opposition, Ms. Muennichow argued that the proposed sale would not benefit the estate because she recorded a homestead exemption two days after Trustee's motion and was therefore entitled to $612,000 of the proceeds. She maintained that she could assert a separate homestead exemption because she was no longer married to Debtor after his death. Ms. Muennichow urged the court to compel Trustee to abandon the Murrieta Property.

At the hearing, Trustee reported that he did not receive any overbids, and Ms. Muennichow did not exercise her right of first refusal under § 363(i). The court held that Ms. Muennichow recorded her homestead exemption in violation of the automatic stay, and it was thus void. The

5

court further held that Ms. Muennichow was limited to the homestead exemption claimed by Debtor as of the petition date. It granted the motion and determined that the buyer was a good faith purchaser under § 363(m). The court entered a written order authorizing the sale on December 19, 2024.

Ms. Muennichow timely appealed and sought a stay pending appeal. The bankruptcy court denied the stay motion. Ms. Muennichow then sought a stay pending appeal from this Panel, but she did not demonstrate that a stay was warranted, and we denied the motion. The sale closed in January 2025.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(N). Subject to our discussion below, we have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Is the appeal moot as it pertains to the order authorizing Trustee to sell the Murrieta Property?

Did the bankruptcy court err by holding that Ms. Muennichow was limited to the homestead exemption claimed by Debtor?

## STANDARD OF REVIEW

We review our own jurisdiction, including questions of mootness, de novo. *Silver Sage Partners, Ltd. v. City of Desert Hot Springs (In re City of Desert Hot Springs)*, 339 F.3d 782, 787 (9th Cir. 2003).

"The right of a debtor to claim an exemption is a question of law we review de novo." *Bhangoo v. Engs Com. Fin. Co. (In re Bhangoo)*, 634 B.R. 80, 85 (9th Cir. BAP 2021). Whether a non-filing spouse is limited to the exemptions claimed by a debtor requires the bankruptcy court to interpret state law, which we review de novo. *See Diaz v. Kosmala (In re Diaz)*, 547 B.R. 329, 333 (9th Cir. BAP 2016). We also review de novo whether a creditor has violated the automatic stay. *Zotow v. Johnson (In re Zotow)*, 432 B.R. 252, 257 (9th Cir. BAP 2010).

Under de novo review, "we consider a matter anew, as if no decision had been made previously." *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014).

## DISCUSSION

Ms. Muennichow argues the court erred by authorizing Trustee to sell the Agoura Hills Property and by holding that the Murrieta Property was property of the estate. She asserts that the court violated her due process rights, showed prejudice towards her counsel, and erred by authorizing the sale of the Murrieta Property. Finally, she claims the court erred by voiding her recorded homestead exemption and limiting her to the exemption claimed by Debtor.

**A.     Our jurisdiction is limited to whether Ms. Muennichow can claim a separate homestead exemption.**

We have an independent duty to consider our own jurisdiction. *Dicker v. Dye (In re Edelman)*, 237 B.R. 146, 150 (9th Cir. BAP 1999). We have

7

jurisdiction to hear appeals "from final judgments, orders, and decrees[.]" 28 U.S.C. § 158(a)(1). Under Rule 8002(a)(1), "a notice of appeal must be filed with the bankruptcy clerk within 14 days after the entry of the judgment, order, or decree to be appealed is entered." We lack jurisdiction to review an untimely appeal. *Wilkins v. Menchaca (In re Wilkins)*, 587 B.R. 97, 107 (9th Cir. BAP 2018).

Ms. Muennichow did not appeal from the order authorizing the sale of the Agoura Hills Property, and we lack jurisdiction to consider it. Similarly, the bankruptcy court held, as part of authorizing Trustee to employ a real estate broker, that the Murrieta Property was property of the estate. Ms. Muennichow appealed that order to the District Court and the District Court affirmed. Consequently, we do not have jurisdiction over the issue.[3]

We also lack jurisdiction over moot appeals. *See Ellis v. Yu (In re Ellis)*, 523 B.R. 673, 677 (9th Cir. BAP 2014). Pursuant to § 363(m), "when a sale of

---

[3] Although orders authorizing employment of professionals under § 327 are typically interlocutory, *see Security Pacific Bank Washington v. Steinberg (In re Westwood Shake & Shingle, Inc.)*, 971 F.2d 387, 389 (9th Cir. 1992), the District Court affirmed the bankruptcy court's decision and the District Court's decision is final. Law of the case doctrine bars us from reconsidering an issue previously decided in the same court or a higher court in the same case. *FDIC v. Kipperman, (In re Com. Money Ctr., Inc.)*, 392 B.R. 814, 832 (9th Cir. BAP 2008) (citing *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 715 (9th Cir. 1990)); *see also Kimball v. Callahan*, 590 F.2d 768, 771 (9th Cir. 1979) ("[U]nder the 'law of the case' doctrine one panel of an appellate court will not as a general rule reconsider questions which another panel has decided on a prior appeal in the same case."). Law of the case doctrine applies where the issue was decided, either expressly or by necessary implication. *In re Com. Money Ctr., Inc.*, 392 B.R. at 832.

assets is made to a good faith purchaser, it may not be modified or set aside unless the sale was stayed pending appeal." *Paulman v. Gateway Venture Partners III, L.P. (In re Filtercorp, Inc.)*, 163 F.3d 570, 576 (9th Cir. 1998). Thus, subject to certain exceptions not applicable here, if an appellant fails to obtain a stay of an order authorizing the sale of estate assets to a good faith purchaser, and the sale is consummated, the appeal is moot. *See Adeli v. Barclay (In re Berkeley Del. Ct., LLC)*, 834 F.3d 1036, 1041 (9th Cir. 2016); *Onouli-Kona Land Co. v. Richards (In re Onouli-Kona Land Co.)*, 846 F.2d 1170, 1171-73 (9th Cir. 1988).

The bankruptcy court found that the buyer was a good faith purchaser, and Ms. Muennichow does not contest that determination. She did not obtain a stay pending appeal, and the sale closed. The appeal is moot as it pertains to the order authorizing the sale of the Murrieta Property.

However, because Ms. Muennichow's asserted homestead exemption could conceivably be paid from estate proceeds, we have jurisdiction to review the court's ruling that she was not permitted to assert a separate homestead exemption.

## B. The bankruptcy court did not err by determining that Ms. Muennichow is bound by Debtor's homestead exemption claim.

Because California has opted out of the federal exemption scheme, California debtors can claim only the exemptions allowable under state

law. Cal. Code of Civ. Proc. ("CCP") § 703.130. Therefore, the validity of the claimed state exemption is controlled by California law. *In re Bhangoo*, 634 B.R. at 85 (citing *Phillips v. Gilman (In re Gilman)*, 887 F.3d 956, 964 (9th Cir. 2018)).

There are two types of homestead exemptions under California law: (1) a declared homestead exemption, which must be recorded by the party; and (2) the automatic homestead exemption. "An automatic homestead exemption arises by operation of law when a party's principal dwelling is sold in a forced sale." *Id.* (quoting *In re Cumberbatch*, 302 B.R. 675, 678 (Bankr. C.D. Cal. 2003)). "The filing of a bankruptcy petition constitutes a forced sale for purposes of the automatic homestead exemption." *In re Diaz*, 547 B.R. at 334. "The filing of the petition serves as both a hypothetical levy and as the operative date of the exemption." *Id.* at 335 (citing *Wolfe v. Jacobson (In re Jacobson)*, 676 F.3d 1193, 1199 (9th Cir. 2012); *Nadal v. Mayer (In re Mayer)*, 167 B.R. 186, 189 (9th Cir. BAP 1994)).

"The filing by a spouse of an individual bankruptcy petition creates an estate which encompasses *community property* that is under the spouse's joint management and control as of the date of the petition. The right to claim exemptions in this property vests solely in that spouse." *Burman v. Homan (In re Homan)*, 112 B.R. 356, 359 (9th Cir. BAP 1989) (citations omitted). Under California law, "where spouses reside in separate homesteads, only one of the homesteads is exempt." *Salven v. Galli (In re Pass)*, 553 B.R. 749, 761 (9th Cir. BAP 2016) (citing CCP § 704.720(c)).

10

As of the petition date, both the Agoura Hills Property and the Murrieta Property were community property and, therefore, property of the estate. Debtor had the exclusive right to claim exemptions from property of the estate, and his decision binds Ms. Muennichow. *See In re Homan*, 112 B.R. at 359 (citing § 522(b)); *In re Pass,* 553 B.R. at 760 ("[T]he debtor's decision not to claim an exemption 'binds' the non-filing spouse.").

The bankruptcy court correctly held that Ms. Muennichow's declared homestead exemption, filed post-petition, was void because it violated the automatic stay. *See* § 362(a)(3). Additionally, a California debtor may have rights under the automatic homestead provision, the declared homestead, both, or neither; "there is no overlap between these rights." *Redwood Empire Prod. Credit Ass'n v. Anderson (In re Anderson)*, 824 F.2d 754, 759 (9th Cir. 1987). The declared homestead provides benefits in addition to the automatic homestead exemption, but those additional protections apply only to voluntary sales. *See Kelley v. Locke (In re Kelley)*, 300 B.R. 11, 20 (9th Cir. BAP 2003). In the bankruptcy context, where the filing of the petition constitutes a forced sale, the declared homestead exemption would provide no additional benefit to Ms. Muennichow. *See id.* at 21.

Ms. Muennichow argues that she was Debtor's former spouse, and under the holding of *Pass*, she should be permitted to assert a separate homestead exemption. In *Pass*, a married couple who intended to divorce filed a joint chapter 13 case. 553 B.R. at 753. During the case, the state court

entered a dissolution decree and purported to divide the community property. *Id.* The couple severed their joint case; the former wife converted to chapter 7, and the former husband allowed his case to be dismissed. *Id*. We distinguished *Homan* and held that the non-debtor ex-spouse could assert a separate homestead exemption under California law, largely because the concerns in *Homan* were not applicable to ex-spouses who had divided their community property. *Id.* at 760-61.

But Ms. Muennichow is not Debtor's ex-spouse. Although she filed a divorce petition, the decree was never entered. California law is clear that "[i]f the judgment debtor and spouse of the judgment debtor reside in separate homesteads, only the homestead of one of the spouses is exempt." CCP § 704.720(c). And a person is considered a spouse until such time as a court enters "a judgment decreeing legal separation of the parties." CCP § 704.710(d); *see also* CCP § 704.720(d) (providing that a separated or former spouse who no longer resides in a property is still entitled to a homestead exemption if the judgment debtor continues to reside in or exercise control over the property "until entry of judgment or other legally enforceable agreement dividing the community property between the judgment debtor and the separated or former spouse, or until a later time period as specified by court order.").

Unlike the debtors in *Pass*, Debtor and Ms. Muennichow's community property was never divided. The community property continued to be property of the estate, under the exclusive jurisdiction of

12

the bankruptcy court. *See* 28 U.S.C. § 1334(e); Rule 1016 ("In a Chapter 7 case, the debtor's death or incompetency does not abate the case. The case continues, as far as possible, as though the death or incompetency had not occurred.").

We agree with the bankruptcy court that *Pass* is not applicable here, and Debtor's exemption claim was binding on Ms. Muennichow under the reasoning of *Homan*.

## CONCLUSION

Based on the foregoing, we DISMISS as moot the portion of the appeal pertaining to the sale of the Murrieta Property and AFFIRM the bankruptcy court's ruling that Ms. Muennichow is bound by Debtor's claimed exemption and cannot assert a separate homestead exemption.