**In re George GOLDMAN, a/k/a Ellis George Goldman, Debtor.**

**George GOLDMAN, a/k/a Ellis George Goldman, Debtor, Appellant,**

**v.**

**Duke SALISBURY, Trustee, Appellee.**

**No. 94–55489.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 12, 1995.

Memorandum Oct. 4, 1995.

Order and Opinion Nov. 17, 1995.

William J. Flanagan, Bet Tzedek Legal Services, Inc., Los Angeles, California, for appellant.

Kenneth L. King, Smyth, Devereux & King, Los Angeles, California, for appellee.

Before: BROWNING and PREGERSON, Circuit Judges, and TANNER,* District Judge.

## ORDER

The memorandum disposition filed October 5, 1995, is redesignated as a per curiam opinion.

## OPINION

PER CURIAM:

George Goldman, a debtor in Chapter 7 bankruptcy, appeals the district court's order overruling the bankruptcy court and denying him an extra homestead exemption under California Code of Civil Procedure § 704.730(a)(3). We reverse and remand.

■ Section 704.730(a)(3)(C) provides a special $100,000 homestead exemption to "[a] person 55 years of age or older with a gross annual income of not more than fifteen thousand dollars ($15,000) ..." Goldman was over 55 years old when he filed for bankruptcy. The question is whether his "gross annual income" exceeded the statutory maximum.

The Bankruptcy Court held "the phrase 'gross annual income' as used in Section 704.730(a)(3)(C) means the 1993 calendar year [the year in which the petition was filed] and not the twelve (12) months immediately preceding the filing of the bankruptcy petition." Under the bankruptcy court's definition, Goldman's "gross annual income" was less than $15,000, and Goldman therefore qualified for the $100,000 exemption.

The district court reversed, concluding:

"[G]ross annual income" as used in Section 704.730(a)(3)(C) of the California Code of Civil Procedure means the twelve-month period immediately preceding the filing of debtor's bankruptcy petition and not the 1993 calendar year in which the debtor filed his bankruptcy petition.

Under the district court's definition, Goldman's gross annual income was more than $15,000, rendering him ineligible for the exemption.

■ In bankruptcy actions, "the federal courts decide the merits of state exemptions, but the validity of the claimed state exemption is controlled by the applicable state law." Moreover, we are "bound by California rules of construction in our independent interpretation of the California statutes at issue." *In re Anderson*, 824 F.2d 754, 756 (9th Cir. 1987).

■ Under California law, the "basic rule of statutory construction is ... that courts are bound to give effect to statutes according to the usual, ordinary import of the language employed in framing them." *California Teachers Ass'n v. San Diego Community College Dist.*, 28 Cal.3d 692, 698, 170 Cal. Rptr. 817, 820, 621 P.2d 856, 858–59 (Cal. 1981) (quoting *Rich v. State Bd. of Optometry*, 235 Cal.App.2d 591, 604, 45 Cal.Rptr. 512 (Cal.Ct.App.1965)).

We agree with the bankruptcy court. The plain, ordinary meaning of "annual income" is income over a *calendar* year. We cannot ignore the plain meaning of the statute merely because unscrupulous debtors may underestimate their income over the remaining months of the calendar year to qualify for the exemption. Nothing obligates the court to accept a debtor's estimate if the evidence suggests it is understated. The trustee did not allege that Goldman manipulated his income in the instant case, and concedes that Goldman's income over the 1993 calendar year was less than $15,000.

REVERSED AND REMANDED.

* The Honorable Jack E. Tanner, Senior Judge, United States District Court for the Western District of Washington, sitting by designation.