In re Robert STEWARD dba R.E. Steward and Associates, Debtor.

Kenny W. FLINN, Ch. 7 Trustee, Appellant,

v.

Linda MORRIS, Appellee.

BAP No. EC–98–1136–JRRy.
Bankruptcy No. 95–27946–C–7.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted June 18, 1998.

Decided Nov. 13, 1998.

Amended Opinion Dec. 8, 1998.

Thomas R. Phinney, Weintraub, Genshlea & Sproul, Sacramento, CA, for Kenney W. Flinn.

Linda Morris, Carmichael, CA, pro se.

Before JONES, RUSSELL and RYAN, Bankruptcy Judges.

## AMENDED OPINION

JONES, Bankruptcy Judge.

Trustee appeals from the bankruptcy court's denial of its objection to claim of exemption and motion for relief from the automatic stay to sell certain residential property. The trustee claims the bankruptcy court erred denying the trustee's objection to the $50,000 homestead exemption claimed by Morris. Further, the trustee claims the bankruptcy court abused its discretion in denying the trustee relief from the automatic stay. We AFFIRM.

### I. FACTS

Robert Steward ("Steward") and Linda Morris ("Morris") were married on October 1, 1965. Steward and Morris owned certain residential property (the "Property") as joint tenants. Steward and Morris moved out of the Property in 1986. They then used the Property as rental income property. The parties separated on June 21, 1992. Morris moved back to the Property and has since made the regular mortgage payments.

On August 29, 1995, Steward filed for chapter 7 [1] protection. Morris did not join her husband in his bankruptcy petition. Steward included the Property on his Schedule A and claimed a $15,000 exemption in the Property pursuant to California Civil Procedure Code ["CCP"] § 703.140.

On January 1, 1996, the trustee for the Steward estate (hereinafter "trustee") filed a complaint seeking an order permitting "the trustee to sell [the Property] free and clear of the [Steward] estate's interest and the interest of [Morris] pursuant to 11 U.S.C. § 363(h)." On April 18, 1996, the bankruptcy court held a trial on the complaint. At the conclusion of the trial the bankruptcy court ruled that "the estate's interest is uncertain because the state court has not determined what property belongs to [Morris] and what property belongs to her husband." The bankruptcy court was concerned that Morris' payment of the mortgage while the parties were separated may have given her a separate interest in the Property. The bankruptcy court noted that the marital dissolution action was set for trial and granted sua sponte relief from the stay to have the state court make a final determination as to who owned what interest in the Property.

On May 2, 1996, the California family law court issued an order of dissolution of the marriage. On July 28, 1997, the state court issued its tentative decision regarding the disposition of the marital property.[2] The state court noted that Steward had filed for bankruptcy protection thereby preventing the state court from distributing the marital assets. However, the state court held that if it were permitted to distribute the marital assets the court would distribute the Proper-

---

1. Unless otherwise indicated, references to "chapter," "section/§," or "code" are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330. References to "Fed.R.Bankr.P." are to the Federal Rules of Bankruptcy Procedure, rules 1001–9036.

2. The decision has since become final.

ty to Steward and Morris as tenants in common so that they could liquidate the property and divide the proceeds.

On August 22, 1997, Morris also filed for chapter 7 protection. She listed the Property on her Schedule A and claimed a $50,000 homestead exemption in the Property pursuant to CCP § 704.730.[3]

On November 10, 1997, the trustee filed an objection to Morris' claimed homestead exemption. The trustee alleged that the Property was the exclusive property of the Steward bankruptcy estate, Morris had no right to claim a homestead exemption in the Property, and because Morris had not objected to Steward's $15,000 exemption in the Property, Morris is bound by Steward's election of exemptions. On December 3, 1997, the bankruptcy court continued the motion and ordered the matter to mediation. On January 16, 1998, a mediation was held but the matter was not resolved.

On January 29, 1998, the Steward and Morris bankruptcy cases were ordered administratively consolidated. Also on January 29, 1998, the bankruptcy court entered an order pursuant to Bankruptcy Rule 1015(b) allowing Steward and Morris until March 31, 1998, "to determine whether they wish to amend their respective claims of exemption in compliance with California Code of Civil Procedure § [7]03.140(a)(2)." The bankruptcy court's order noted that if Morris and Steward did not agree on which exemptions to elect, pursuant to California law they would be deemed to have elected the exemptions which included the $50,000 homestead exemption. The trustee appealed this order.

On February 19, 1998, Steward made a motion for reconsideration of the January 29, 1998, order. On March 27, 1998, the bankruptcy court denied reconsideration of the order. After denying the motion for reconsideration the bankruptcy court also denied the Steward trustee's underlying motion for relief from the automatic stay.

## II. ISSUES

Whether the bankruptcy court erred in denying the Stewart trustee's objection to Morris' claimed $50,000 homestead exemption.

Whether the bankruptcy court erred in denying the trustee's motion for relief from the automatic stay.

## III. STANDARDS OF REVIEW

The bankruptcy court's application of California exemption law is a question of statutory construction which is reviewed de novo. *Spenler, M.D. v. Siegel (In re Spenler)*, 212 B.R. 625, 628 (9th Cir. BAP 1997); *In re Morgan*, 149 B.R. 147, 150 (9th Cir. BAP 1993). The bankruptcy court's denial of a motion for relief from the automatic stay is reviewed for an abuse of discretion. *In re Conejo Enter., Inc.*, 96 F.3d 346, 351 (9th Cir.1996); *In re Arnold*, 806 F.2d 937, 938 (9th Cir.1986). Under an abuse of discretion standard the bankruptcy court's denial of a motion for relief from the automatic stay will be reversed only if "based on an erroneous conclusion of law or when the record contains no evidence on which the [bankruptcy court] rationally could have based that decision." *In re Windmill Farms, Inc.*, 841 F.2d 1467, 1472 (9th Cir.1988).

## IV. DISCUSSION

This appeal requires the Panel to first determine which set of exemptions apply in administratively consolidated bankruptcy cases where the parties have elected mutually exclusive exemptions in their individual bankruptcy cases. Once the Panel answers that question, then the Panel must turn to the question of whether the bankruptcy court abused its discretion in denying the trustee's motion for relief from the automatic stay. We will address these questions in turn.

*A. The Bankruptcy Court Properly Determined That The $50,000 Homestead Exemption Applies To Administratively Consolidated Cases.*

*1. California's exemption scheme.*

"A fundamental component of an individual debtor's fresh start in bankruptcy is the

---

**3.** Morris claims to have since amended her schedules to increase the amount of the exemp-

tion to $75,000.

debtor's ability to set aside certain property as exempt from the claims of creditors. Exemption of property, together with the discharge of claims, lets the debtor maintain an appropriate standard of living as he or she goes forward after the bankruptcy case." 3 *Collier on Bankruptcy* ¶ 522.01 (Lawrence P. King, ed., 15th ed. rev.1998). Exemptions under the Bankruptcy Code are found primarily in section 522. These exemptions allow the debtor to exempt certain property from the bankruptcy estate, and thus place the exempted property beyond the reach of most creditors.[4] *In re Pladson*, 35 F.3d 462, 464 (9th Cir.1994).

While exemptions are a necessary part of the bankruptcy scheme, the Bankruptcy Code gives the states authority to "opt-out" of the federal bankruptcy exemption scheme. 11 U.S.C. § 522(b) (1988).[5] States which chose to opt out of the federal exemption scheme may limit their citizen's exemptions to those specifically authorized under state law and nonbankruptcy federal law. In 1984, the California Legislature opted out of the federal bankruptcy exemption statutes. CCP §§ 703.130–140 (West 1987).[6] Consequently, substantive issues regarding exemptions are governed by California law. *In re Canino*, 185 B.R. 584, 590 (9th Cir. BAP 1995).

■ California bankruptcy debtors have two exemption options to choose from. A debtor may choose only one set of exemptions.[7] CCP § 703.140 (West 1997); *In re Pladson*, 35 F.3d 462, 464 (9th Cir.1994); *In re Talmadge*, 832 F.2d 1120, 1123 (9th Cir. 1987). One set of exemptions are state law non-bankruptcy exemptions, including a homestead exemption, which the California legislature has made applicable to bankruptcy debtors (hereinafter the "state exemptions"). The other set of exemptions is modeled closely upon the federal exemptions listed in § 522(d) (hereinafter the "subdivision (b) exemptions"). *In re MacIntyre*, 74 F.3d 186, 187 (9th Cir.1996); *compare* CCP § 703.140(b)(1–11) *with* 11 U.S.C. § 522(d).

■ In the present case, when Steward filed his bankruptcy petition he elected to use the subdivision (b) exemptions. However, when Morris filed her bankruptcy petition she elected to use the state exemptions. Subsequently, when the two individual bankruptcy cases were ordered administratively consolidated, the bankruptcy court ordered Steward and Morris to decide which set of exemptions they would claim.[8] The bankruptcy court informed the parties that if they did not elect the same set of exemptions, pursuant to California law they would be deemed to elect the state exemptions. This

4. Section 522(c) provides that exempt property may be used to satisfy the claims of a few specifically listed creditors.

5. Section 522(b) provides in pertinent part:

(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection.... Such property is—
(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or in the alternative,
(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or state or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition,....

6. Section 703.130 provides:

Pursuant to the authority of paragraph (1) of subsection (b) of Section 522 of Title 11 of the United States Code, the exemptions set forth in subsection (d) of Section 522 of Title 11 of the United States Code (Bankruptcy) are not authorized in this state.

7. C.C.P. Section 703.140(a) provides in pertinent part:

(a) In a case under Title 11 of the United States Code, all of the exemptions provided by this chapter including the homestead exemption, other than the provisions of subdivision (b) are applicable ... but the exemptions provided by subdivision (b) may be elected in lieu of all other exemptions provided by this chapter....

8. Rule 1015 specifically provides that after administrative consolidation of a case where two spouses have elected mutually exclusive exemption schemes the bankruptcy court shall "fix a reasonable time within which either may amend the election so that both shall have elected the same exemptions."

order was in conformity with section 703.140(a) which states:

> (a) In a case under Title 11 of the United States Code, all exemptions provided by this chapter including the homestead exemption, other than the provisions of subdivision (b) *are applicable* ... but the exemptions provided by subdivision (b) *may be elected* in lieu of all other exemptions provided by this chapter, as follows:

CCP § 703.140(a) (emphasis added).

Steward and Morris never reached an agreement as to which set of exemptions to choose. Therefore, pursuant to California law the debtors are presumed to elect the state exemptions. C.C.P. 703.140(a) (West 1997). As the bankruptcy court's ruling was in compliance with California law, the bankruptcy court did not err in denying the trustee's objection to Morris' claimed exemption.

> 2. *Notwithstanding California's statutory scheme, the trustee claims the bankruptcy court erred as a matter of law in denying its objection.*

Notwithstanding the statutory scheme enacted in California, the trustee argues that the subdivision (b) exemptions elected by Steward when he filed his initial bankruptcy petition should be final. The trustee makes two arguments in this respect. First, the trustee argues that Morris is not entitled to claim a homestead exemption on the Property because the Property became the exclusive property of the Steward bankruptcy estate when Steward filed for bankruptcy protection and Morris declined to join him. Second, the trustee argues that Morris is barred from claiming a different exemption than that claimed by Steward because Morris did not object to Steward's claim of exemption during the pendency of Steward's individual bankruptcy case. Both of the trustee's arguments lack merit.

■ First, the trustee's position that Morris has no right to claim an exemption in the Property ignores the fact that the two individual bankruptcy cases have been adminis-

tratively consolidated. The trustee cites two cases, *In re Teel*, 34 B.R. 762 (9th Cir. BAP 1983), and *In re Homan*, 112 B.R. 356 (9th Cir. BAP 1989), for the proposition that when one spouse files for bankruptcy protection all community assets become the assets of the bankruptcy estate. While this is a correct statement of the law, the trustee then proceeds to claim that because Steward filed for bankruptcy first, the Property belonged solely to the Steward bankruptcy estate and therefore the Steward bankruptcy estate controls what exemption is sought in the property. This second step in the trustee's logic is faulty. While only Steward would have been able to claim exemptions in the Property had he been the only debtor, upon Morris' filing of her chapter 7 petition and the bankruptcy court's administrative consolidation of the bankruptcy cases, Morris and Steward jointly had a right to claim an exemption in the property. Therefore, Morris does have an interest in the Property and has the right to claim an exemption in the Property.

■ Second, the trustee argues that because Morris failed to object to the exemptions initially claimed by Steward, Morris is estopped from claiming a different set of exemptions. For this proposition the trustee cites to the United States Supreme Court case of *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). In that case the Supreme Court held that where an exemption was not objected to within thirty days of the § 341 meeting, the exemption is valid. The trustee asserts that because Morris never objected to Steward's claimed exemptions, his claim of exemption controls. However, the trustee's logic would set at naught the entire California exemption scheme as well as Rule 1015.

Under California law, if one spouse files an individual bankruptcy petition, the debtor spouse is presumed to elect the state law homestead exemption unless both spouses "waive in writing the right to claim" the state exemptions.[9] Therefore, for Steward to pre-

---

9. C.C.P. § 703.140(a)(2) provides in relevant part:

(2) If the petition is filed individually, and not jointly, for a husband or a wife, the exemptions provided by this chapter other than the

vail on his claim that he is entitled to claim the subdivision (b) exemptions, Steward must prove that Morris waived in writing the state exemptions. There is no waiver from Morris in the record. Therefore, Steward's claim that Morris is estopped from claiming the state exemptions is foreclosed by the fact that Steward himself is not entitled to claim the subdivision (b) exemptions in the first instance.

Further, under the Federal Rules of Bankruptcy Procedure; upon administrative consolidation of a husband and wife's individual bankruptcy cases, the court "shall" give a reasonable time for the parties to elect which exemptions they shall take in estate property. There is no deadline set by the Code for the resolution of the exemption question. Therefore, the trustee's claim that Morris' failure to object to the exemptions claimed in Steward's bankruptcy case conclusively establishes Steward's right to elect the subdivision (b) exemptions must be rejected on its face. California law and the Bankruptcy Code specifically provide for a resolution of disputes regarding differences in claimed exemptions.

For the foregoing reasons, we affirm the bankruptcy court's denial of the trustee's objection to Morris' claimed exemption. The bankruptcy court's ruling was in compliance with California law.

B. *The Bankruptcy Court Did Not Abuse Its Discretion In Denying The Trustee's Motion For Relief From The Automatic Stay.*

A review of the motion appealed from reveals that the trustee made only two arguments in support of its motion for relief from the automatic stay. The trustee contended that because the Property belonged solely to the Steward estate, Morris could not claim an exemption in the property. Second, the trustee argued that even if Morris did have an interest in the property, she was bound by the election of exemptions claimed by Steward in his first-filed bankruptcy case. A

close reading of the motion below reveals no other basis claimed by the trustee for relief from the automatic stay.

As discussed previously, each of these contentions by the trustee is erroneous. First, Morris does have the right to claim an exemption in Property in administratively consolidated bankruptcy cases. Second, after ordering administrative consolidation the bankruptcy court properly allowed the parties a certain amount of time to determine whether they would elect the same set of exemptions. Because the parties failed to elect the same set of exemptions, California law provides that the parties are deemed to have elected the state exemptions which include the homestead exemption. As Morris is properly entitled to elect the homestead exemption, the trustee's claim that Morris is bound by the election made by Steward is erroneous.

As the two grounds claimed by the trustee to demonstrate "cause" to lift the automatic stay are without foundation, this Panel cannot conclude that the bankruptcy court abused its discretion in denying the trustee's motion for relief from the automatic stay. We note however, that nothing precludes the trustee from bringing a further motion to sell the property on other grounds.

## V. CONCLUSION

The bankruptcy court properly overruled the trustee's objection to Morris' claim of exemption in the Property. After Morris filed her chapter 7 petition and the bankruptcy court ordered administrative consolidation of the bankruptcy cases the bankruptcy court properly ruled that Morris did have an interest in the Property for which she could claim an exemption. Furthermore, the bankruptcy court properly ruled that because Steward and Morris could not agree on which set of exemptions to elect, they were deemed to have elected the state exemptions which include the homestead exemption. Finally, we cannot conclude that the bankruptcy court abused its discretion in denying the trustee's

provisions of subdivision (b) are applicable, except that, if both the husband and the wife effectively waive in writing the right to claim ... the exemptions provided by the applicable

exemption provisions of this chapter . . then they may elect instead to utilize the applicable exemptions set forth in subdivision (b).

motion to sell the property because each of the grounds asserted by the trustee as "cause" to lift the automatic stay were without foundation. We **AFFIRM.**