In re Muriel Nash REAVES fka
Muriel Adams Reaves,
Debtor.

William Little, Appellant,

v.

Muriel Nash Reaves, Appellee.

BAP No. CC–00–1017–MaBK.
Bankruptcy No. 99–51253–VZ.

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Argued and Submitted Sept. 20, 2000.

Decided Nov. 6, 2000.

William Little, Los Angeles, CA, for pro se.

Steven L. Bryson, Law Offices of Steven L. Bryson, Los Angeles, CA, for Muirel Nash Reaves.

Before MARLAR, BRANDT, and KLEIN, Bankruptcy Judges.

## OPINION

MARLAR, Bankruptcy Judge.

### INTRODUCTION

William Little ("appellant"), a secured creditor, appealed from the bankruptcy

court's order which avoided his lien on a motor vehicle owned by Muriel Reaves ("debtor"). The court held, under § 522(f),[1] that the lien impaired the debtor's exemption. We are asked to construe the effect, if any, of a pre-petition municipal court order which denied the debtor's exemption claim in the vehicle. That exemption request was brought under California's general exemption statutes. When the debtor filed bankruptcy, she claimed a new and different exemption under California's special exemption statute for debtors who are in bankruptcy proceedings. Finding no preclusive effect, and further interpreting the exemption statutes, WE AFFIRM.

## FACTS

On October 1, 1999, the appellant levied upon a 1987 Mercedes automobile owned by the debtor in order to enforce a judgment debt in the amount of $10,744.10. The vehicle was placed in the custody of the Los Angeles Sheriff's Department, and a sheriff's sale was noticed.

Under California civil procedure law, the debtor was allowed to claim an exemption for her vehicle. *See* Cal.Civ.Proc.Code § 703.520 (West 1987). On October 12, 1999, the debtor filed a claim of exemption, in the Municipal Court for the County of Los Angeles, under California's "regular" exemption statutes[2], Cal.Civ.Proc.Code §§ 704.010 and 704.060.[3] Only the appellant appeared at the hearing thereon, and, without explanation, the debtor's claim of exemption was denied by the municipal court on October 22, 1999.

On November 12, 1999, the day of the rescheduled sheriff's sale, the debtor filed a chapter 7 bankruptcy petition, which stayed the sale. In her bankruptcy schedules, the debtor claimed an exemption in the vehicle, but this time she did so under the special exemptions which are available to California debtors who have elected to file for bankruptcy relief. This time, she claimed the vehicle's exempt value of $15,350 as follows: $2,400 pursuant to Cal. Civ.Proc.Code § 703.140(b)(2), and $12,950 pursuant to Cal.Civ.Proc.Code §§ 703.140(b)(1) and (b)(5).[4]

Section 703.140 provides, in pertinent part:

(a) **In a case under Title 11 of the United States Code,** all of the exemptions provided by this chapter including the homestead exemption, other than the provisions of subdivision (b) are applicable regardless of whether there is a money judgment

1. Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

2. The term "regular" relates to the state exemption scheme that is available to non-bankrupt debtors.

3. Section 704.010(a)(1) concerns "Motor Vehicles" and provides an exemption for:
   (a) any combination of the following is exempt in the amount of one thousand nine hundred dollars ($1,900):
   (1) The aggregate equity in motor vehicles.
   (2) The proceeds of an execution sale of a motor vehicle.
   Cal.Civ.Proc.Code § 704.010 (West Supp. 2000).
   Section 704.060(a)(1) concerns "Personal property necessary to and used in exercise of

trade, business or profession," and provides an exemption for:
   (a) Tools, implements, instruments, materials, uniforms, furnishings, books, equipment, one commercial motor vehicle, one vessel, and other personal property are exempt to the extent that the aggregate equity therein does not exceed:
   (1) Five thousand dollars ($5,000), if reasonably necessary to and actually used by the judgment debtor in the exercise of the trade, business or profession by which the judgment debtor earns a livelihood.
   Cal.Civ.Proc.Code § 704.060 (West Supp. 2000).

4. These latter provisions are known as the "wildcard" or "catch-all" exemptions. *Lucas v. ITT Fin. Servs. (In re Lucas)*, 77 B.R. 242, 244 (9th Cir. BAP 1987); ALAN M. AHART, CAL. PRAC. GUIDE ENF. J. DEBT. Ch. 6E–1 [6:831.5] (West 2000).

against the debtor or whether a money judgment is being enforced by execution sale or any other procedure, but **the exemptions provided by subdivision (b) may be elected in lieu of all other exemptions provided by this chapter,** as follows:

. . . .

   (3) If the petition is filed for an unmarried person, that person **may elect to utilize the applicable exemption provisions of this chapter other than subdivision (b), or to utilize the applicable exemptions set forth in subdivision (b), but not both.**

(b) The following exemptions **may be elected** as provided in subdivision (a):

   (1) The debtor's aggregate interest, not to exceed fifteen thousand dollars ($15,000) in value, **in real property or personal property that the debtor or a dependent of the debtor uses as a residence.** . . .

   (2) The debtor's interest, not to exceed two thousand four hundred dollars ($2,400) in value, in one motor vehicle.

. . . .

   (5) The debtor's aggregate interest, not to exceed in value eight hundred dollars ($800) **plus any unused amount** of the exemption provided under paragraph (1), in any property.

Cal.Civ.Proc.Code § 703.140 (West Supp. 2000) (emphasis added; not reflecting amendments subsequently enacted in 2000).

The debtor then filed a motion to avoid the appellant's lien pursuant to § 522(f)[5]. The appellant opposed the motion, and attached a copy of the municipal court's denial of the debtor's pre-petition exemption claim. He maintained, *inter alia,* that the debtor was precluded from using these bankruptcy—specific exemptions, because she had already elected alternate exemptions allowable under the same chapter of the state code,[6] and that her claim had been denied by the municipal court. Furthermore, the appellant contended that the debtor could not claim more than the $2,400 provided for a motor vehicle exemption under § 703.140(b)(2) by utilizing the catch-all provisions, because she had not claimed a homestead exemption under § 703.140(b)(1), and thus there was no "unused amount" of such exemption available to be applied to the vehicle.

The bankruptcy court was not persuaded by the appellant's arguments, and determined that the debtor had a valid exemption in the vehicle in the claimed amount. Following a hearing on December 21, 1999, the bankruptcy court entered its order granting the debtor's motion to avoid the lien in its entirety, and for turnover of the vehicle. The appellant filed a timely notice of appeal.

## ISSUES

■ In this appeal, there is a dispute over the debtor's right to claim an exemption in the vehicle.[7] The issues are:

---

**5.** Section 522(f) provides, in relevant part:

(f)(1) [T]he debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(A) A judicial lien. . . .

11 U.S.C. § 522.

**6.** All of the exemption provisions at issue come under the auspices of Chapter 4, "Ex-

emptions," of Division 2, "Enforcement of Money Judgments," under Title 9, "Enforcement of Judgments," in the California Civil Procedure Code.

**7.** A creditor may challenge the validity of the exemption when defending a lien avoidance motion under § 522(f). *Morgan v. F.D.I.C. (In re Morgan),* 149 B.R. 147, 152 (9th Cir. BAP 1993).

1. Whether the pre-petition denial of the debtor's claim of exemption by the municipal court precluded her from claiming an exemption in her vehicle in her bankruptcy case.

2. Whether "unused amount," in California's "wildcard" or "catch-all" exemption, Cal.Civ.Proc.Code § 703.140(b)(5), means that the debtor could not claim this until she first claimed an exemption of some amount in a homestead (or other specified residential property) pursuant to Cal.Civ.Proc.Code § 703.140(b)(1).

### STANDARD OF REVIEW

We review the bankruptcy court's interpretation and application of the California exemption statutes *de novo*. *See Flinn v. Morris (In re Steward)*, 227 B.R. 895, 897 (9th Cir. BAP 1998). We also review *de novo* the bankruptcy court's ruling on the availability of *res judicata* as to both claim and issue preclusion. *Morgan*, 149 B.R. at 150.

### DISCUSSION

The validity of the debtor's claimed state exemption is controlled by California law and by the California rules of construction. *Goldman v. Salisbury (In re Goldman)*, 70 F.3d 1028, 1029 (9th Cir. 1995). California courts must "give effect to statutes according to the usual, ordinary import of the language employed in framing them." *Id.* (citing *Cal. Teachers Ass'n v. San Diego Comm. College Dist.*, 28 Cal.3d 692, 698, 621 P.2d 856, 858–59, 170 Cal.Rptr. 817, 820 (1981)).

A statute should not be construed mechanically, but interpreted in light of its purpose. *San Francisco Foundation v. Superior Court*, 37 Cal.3d 285, 297, 690 P.2d 1, 7, 208 Cal.Rptr. 31, 37 (1984). The exemption statutes are to be construed liberally, "for their manifest purpose is that of 'saving debtors and their families from want by reason of misfortune or improvidence.'" *Turner v. Marshack (In re Turner)*, 186 B.R. 108, 113 (9th Cir.

BAP 1995) (*quoting In re Crosby's Estate*, 2 Cal.2d 470, 473, 41 P.2d 928, 930 (1935)).

### A. The Debtor's Exemption in Bankruptcy

After the appellant levied upon her vehicle, the debtor filed a claim for exemption under California's general exemption statute, which was clearly her right. For reasons not revealed in the record before us, the municipal court denied her claim of exemption. Then, the debtor filed for bankruptcy, and claimed an exemption under alternate California statutes applicable only to debtors who elect to file bankruptcy proceedings.

California has opted out of the federal exemption scheme. 522(b)(1); Cal.Civ.Proc. Code § 703.130 (West 1987). Debtors in bankruptcy are thus allowed to choose between two sets of exemptions, one for debtors generally, another for debtors in bankruptcy.

The appellant contends that because the debtor, before filing bankruptcy, "elected" the general exemption, which was denied by the state court, she is precluded from choosing again and changing her pre-bankruptcy choice. Thus, maintains the appellant, the debtor cannot have another "bite at the apple" in bankruptcy court by electing from an alternate exemption scheme. According to the appellant, the debtor is stuck with her pre-petition choice. The appellant highlights the statutory language, "but not both."

This argument is flawed because the statutes were not designed to eliminate a debtor's ability to preserve her exempt property. The debtor did not receive the exemption in state court. Filing bankruptcy gave her a new and specific opportunity to claim an exemption under a different state statute, as allowed by federal bankruptcy law. § 522. *See also Classic Auto Refinishing, Inc. v. Marino (In re Marino)*, 181 F.3d 1142, 1145 (9th Cir.1999) (bankruptcy law creates unique conundrums).

The debtor did not have the right, accorded by the California statute, to elect the exemptions available to a person filing bankruptcy until she *actually filed* a bankruptcy petition. It is well-established that exemptions are determined as of the date the bankruptcy petition is filed. *Wolf v. Salven (In re Wolf)*, 248 B.R. 365, 367 (9th Cir. BAP 2000); *Nadel v. Mayer (In re Mayer)*, 167 B.R. 186, 188 (9th Cir. BAP 1994); *Harris v. Herman (In re Herman)*, 120 B.R. 127, 130 (9th Cir. BAP 1990).

If we were to accept the appellant's argument, it would mean that judgment debtors in California would be required to elect between the right to file a claim of exemption after levy, where time is of the essence, or to file for bankruptcy, and be bound thereafter by that decision. There is no such requirement in the plain language of these exemption statutes.

Nor was such a dilemma intended as the goal of the alternate exemption scheme. The California legislature intended to prevent the "stacking" of federal and state exemptions. It thus opted out of the federal scheme, and modeled its § 703.140 on Bankruptcy Code § 522. *Talmadge v. Duck (In re Talmadge)*, 832 F.2d 1120, 1122–23 (9th Cir.1987). By denying bankrupt debtors the federal bankruptcy exemptions, and making them elect from alternate California exemptions, the legislature permitted debtors to use virtually the same exemptions the Bankruptcy Code provides, while restricting married debtors from "stacking" the federal and regular state law exemptions. *Id.* The debtor here has not "stacked" exemptions, and is within her rights to make a choice between applicable exemptions.

■ The appellant has provided no case law or other support for the proposition that the doctrines of either *res judicata* or collateral estoppel preclude the debtor's claim of alternate sets of exemptions once she files for bankruptcy. The validity of the debtor's claimed state exemption is controlled by California law. *Goldman,* 70 F.3d at 1029. The Full Faith and Credit Act, 28 U.S.C. § 1738, requires federal courts to apply the *res judicata* rules of a particular state to judgments issued by courts of that state. *Gayden v. Nourbakhsh (In re Nourbakhsh),* 67 F.3d 798, 800 (9th Cir.1995); *Robi v. Five Platters, Inc.,* 838 F.2d 318, 321 (9th Cir.1988).

■ The general doctrine of *res judicata* consists of two different aspects. *Rice v. Crow,* 81 Cal.App.4th 725, 734, 97 Cal.Rptr.2d 110, 116 (2000). "Claim preclusion" or *"res judicata"* "prevents parties or their privies from relitigating a cause of action that has been finally determined by a court of competent jurisdiction." *Id.* (citations omitted). A judgment is on the merits for purposes of applying *res judicata* " 'if the substance of the claim is tried and determined....'" *Johnson v. City of Loma Linda,* 24 Cal.4th 61, 77, 5 P.3d 874, 884, 99 Cal.Rptr.2d 316, 328 (2000) (citing 7 WITKIN, CAL. PROCEDURE (4th ed. 1997) Judgment, § 313, p. 864). "Collateral estoppel" or "issue preclusion" applies when "[a]ny issue necessarily decided in such litigation is conclusively determined as to the parties or their privies if it is involved in a subsequent lawsuit as to the parties on a different cause of action." *Crow,* 81 Cal.App.4th at 734, 97 Cal.Rptr.2d at 116 (citations omitted).

The debtor's claim under the special bankruptcy exemption provisions was different in substance from the claim which she brought in municipal court, under the general exemption provisions. The appellant contends that because all of the exemptions arose under the same "Chapter 4" of the state enforcement statutes, they therefore constitute the same claim. We do not agree with this view. State courts should not be forced to decide questions of bankruptcy law at a stage when they are not directly in issue and neither party has a full incentive to litigate them. *Brown v. Felsen,* 442 U.S. 127, 134, 99 S.Ct. 2205, 2211, 60 L.Ed.2d 767 (1979).

■ We, thus, are only concerned with the collateral estoppel effect, if any,

of the state court ruling as to the validity of the debtor's exemption claim. *In re Joshua J.,* 39 Cal.App.4th 984, 992–93, 46 Cal.Rptr.2d 491, 496–97 (1995). Under California law, "[a] party is collaterally estopped from relitigating an issue previously adjudicated if: " '(1) the issue is identical to that decided in a former proceeding; (2) the issue was actually litigated and (3) necessarily decided; (4) the doctrine is asserted against a party to the former action or one who is in privity with such a party; and (5) the former decision is final and was made on the merits." ' " *Dunkin v. Boskey,* 82 Cal.App.4th 171, 181, 98 Cal. Rptr.2d 44, 49–50 (2000) (citations omitted). The party asserting collateral estoppel bears the burden of establishing these requirements. *Id.*

In this case, the issue was not identical in the municipal court and bankruptcy court actions. The debtor chose a different set of statutes, which have different language and different exemption amounts. Moreover, one set (the bankruptcy option) cannot even be selected unless and until a bankruptcy petition is filed. Therefore, the requirements for collateral estoppel were not satisfied, and this doctrine did not apply to preclude a determination of the exemption claim in bankruptcy.

■ Moreover, California courts will not apply *res judicata* principles "if injustice would result or if the public interest requires that relitigation not be foreclosed." *Consumers Lobby Against Monopolies v. Public Utilities Comm'n,* 25 Cal.3d 891, 902, 603 P.2d 41, 47, 160 Cal.Rptr. 124, 130 (1979). Surely the debtor's ability to exempt property, to avoid liens on exempt property, and her "fresh start" are public policies which favor allowing the debtor to make her new exemption claims in bankruptcy, under federal bankruptcy law. *See Morgan,* 149 B.R. at 153 (in a § 522(f) lien avoidance action, the bankruptcy court determines whether the debtor would have been entitled to the exemp-

tion, in the absence of the lien, as of the bankruptcy date).

Based on the foregoing analysis, we hold that the bankruptcy court did not err by allowing the debtor to make a new claim of exemption in bankruptcy court, based on a specific California statute applicable only to those debtors who file a bankruptcy petition.

### B. The "Wildcard" Exemption

■ The appellant also contends that the debtor, if she is entitled to exempt the vehicle, should be limited to the $2,400 which she claimed pursuant to Cal.Civ. Proc.Code § 703.140(b)(2), the vehicle exemption provision for debtors in bankruptcy. The appellant maintains that, since the debtor did not claim a homestead exemption, or an exemption in "any other" residential property mentioned in Cal.Civ. Proc.Code § 703.140(b)(1), she did not therefore have an "unused amount" to make up the remaining $12,950 of her claim under the "wildcard" provisions, also available to debtors in bankruptcy.

The wildcard provisions of § 703.140(b) provide, in pertinent part:

(b) The following exemptions may be elected as provided in subdivision (a):

(1) The debtor's aggregate interest, not to exceed fifteen thousand dollars ($15,000) in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence. . . .

. . . .

(5) The debtor's aggregate interest, not to exceed in value eight hundred dollars ($800) plus any unused amount of the exemption provided under paragraph (1), **in any property.**

Cal.Civ.Proc.Code § 703.140 (West Supp. 2000) (emphasis added).

The appellant's interpretation is not supported by any pertinent authority. Again, he charges that the debtor is attempting to "pyramid" her exemptions.

This statute is clear, straightforward, and is not ambiguous. Subsection (5) states that the exemption applies to and includes $800 "plus any unused amount of the exemption provided under paragraph (1), in any property." As the bankruptcy court noted, the "unused" portion of the total exemption amount is equal to the total exemption amount.

It is clear that this statute sets forth a maximum dollar amount allowable under state law. *See In re Moffat,* 107 B.R. 255, 264 (Bankr.C.D.Cal.1989), *aff'd, Moffat v. Habberbush (In re Moffat),* 119 B.R. 201 (9th Cir. BAP 1990); *aff'd,* 959 F.2d 740 (9th Cir.1992) ("[T]he California exemption scheme contemplates that a specified dollar amount of assets may be placed by the debtor beyond the reach of creditors.").

Although the appellant would require the debtor to be a homeowner before she can take advantage of this exemption, Congress intended that the identical words found in § 522(d)(5) of the federal scheme were included "in order not to discriminate against the non-homeowner." *In re Dill,* 6 B.R. 396, 398 (Bankr.N.D.Cal.1980) (citing H.R.Rep. No. 95–595, 95th Cong., 1st Sess. (1977), at 361, U.S.Code Cong. & Admin.News p. 5963 (1977)).

The bankruptcy court therefore did not err in its interpretation of the California wildcard provisions, which enabled the debtor to claim a total exemption of $15,-350, an amount equal to the value of her vehicle.

## CONCLUSION

The debtor was entitled to claim an exemption in her motor vehicle for its full value under California law, and may thus avoid the appellant's judicial lien, in its entirety, under § 522(f). The bankruptcy court's order which avoided the appellant's lien is AFFIRMED.