

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | | |
|---|---|---|
| FIRST MERCURY INSURANCE COMPANY, an Illinois company, | ) ) | No. 16-35888 |
| | ) | |
| Plaintiff-Appellee, | ) ) | D.C. No. 3:15-cv-00192-MO |
| | ) | MEMORANDUM* |
| AIG SPECIALTY INSURANCE COMPANY, | ) ) ) | |
| | ) | |
| Intervenor-Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WESTCHESTER SURPLUS LINES INSURANCE COMPANY, a Georgia company, | ) ) ) | |
| | ) | |
| Defendant-Appellee, | ) | |
| | ) | |
| MULTNOMAH COUNTY, an Oregon municipality, | ) ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, Chief District Judge, Presiding

---

*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Submitted July 10, 2018[**]
Seattle, Washington

Before: FERNANDEZ and NGUYEN, Circuit Judges, and RAKOFF,[***] District Judge.

Multnomah County ("the County"), which is the assignee of the claims of ZellComp, Inc., against First Mercury Insurance Company, Westchester Surplus Lines Insurance Company, and AIG Specialty Insurance Company (collectively "the Insurers"), appeals the district court's grant of judgment in favor of the Insurers. We affirm.

The County entered into a contract with Conway Construction Company ("Conway") under which Conway was to furnish goods and services[1] for the rehabilitation of the Morrison Bridge ("the Bridge"), a structure owned and operated by the County. Conway entered into a subcontract with ZellComp under which the latter was to furnish materials, including reinforced polymer bridge decking ("the decking"). ZellComp, in turn, entered into a sub-subcontract ("the

---

[**]The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***]The Honorable Jed S. Rakoff, Senior United States District Judge for the Southern District of New York, sitting by designation.

[1]Those included "design, construction, construction administration, and related services."

2

Agreement") with Strongwell Corporation under which the latter was to custom make and sell the decking to the former, for use in the Bridge rehabilitation project. The Agreement provided that Strongwell was required to maintain insurance that would indemnify ZellComp for the latter's own negligence that caused damages to the County. Strongwell did so, and the Insurers are the ones it contracted with for that purpose. After the Bridge rehabilitation project was completed, numerous problems developed, including cracks in and other deterioration of the decking. Therefore, the County brought an action against Conway and others, which ultimately resulted in a jury verdict determining that the County was damaged due to the negligence of a number of parties and that forty percent of that damage was caused by the negligence of ZellComp. ZellComp claimed the right to indemnity from the Insurers and, in due course, assigned its claims to the County. In the action at hand, the district court declared that the Agreement was void insofar as it provided that the Insurers were required to indemnify ZellComp for its negligence. Thus, the court entered judgment against the County. The County asserts that the district court erred. We disagree with that assertion.

We apply Oregon law to this action,[2] which includes Oregon statutes

---

[2]*See Zamani v. Carnes*, 491 F.3d 990, 995 (9th Cir. 2007).

construed as the Oregon Supreme Court has, or would, construe them.[3]  Here, the

plain language of the Oregon anti-indemnity statute provides that "any provision in

a construction agreement that requires a person or that person's surety or insurer to

indemnify another against liability for damage arising out of . . . damage to

property caused in whole or in part by the negligence of the indemnitee is void."

Or. Rev. Stat. § 30.140(1); *see also id.* at (3) (defining construction agreement).

And the history of the legislation makes it clear that the very purpose of the

legislature was to preclude contractors or owners from "forcing subcontractors to

accept" liability for the contractor's own negligence "as part of the

[subcontractor's] cost of doing business." *Sunset Presbyterian Church v. Andersen*

*Constr. Co.*, 341 P.3d 192, 200 (Or. Ct. App. 2014); *see also Montara Owners*

*Ass'n v. La Noue Dev., LLC*, 353 P.3d 563, 569 (Or. 2015).  But that is precisely

what the Agreement required.  Thus, the text of the statute[4] and its legislative

history[5] indicate that the indemnity portion of the Agreement is void.

The County's suggestion that the Agreement was for the sale of goods points

---

[3] *See Goldman v. Salisbury (In re Goldman)*, 70 F.3d 1028, 1029 (9th Cir. 1995) (per curiam).

[4] *See State v. Gaines*, 206 P.3d 1042, 1050 (Or. 2009) (en banc).

[5] *See id.* at 1050–51; *see also State v. Thompson*, 306 P.3d 731, 734 (Or. Ct. App. 2013).

to an irrelevancy as far as this custom-made product for incorporation in the Bridge is concerned. The statute makes no such distinction between goods and services. Nor does the statute provide different provisions for a subcontractor who happens to be more financially stable or successful than the contractor itself. The statute speaks to which entity has the authority over awarding the construction work in question. Here, ZellComp, not Strongwell, was that entity. Thus, the district court did not err.[6]

AFFIRMED.

---

[6]As a result of this determination, we need not and do not consider whether the terms of the Insurers' policies would also preclude recovery by the County in whole or in part.