**In re Duane R. KIDO, dba Kido Farms, Debtor.**

**Bankruptcy No. 91–03396.**

United States Bankruptcy Court,
D. Idaho.

May 29, 1992.

Terry L. Myers, Givens, Pursley, Webb & Huntley, Boise, Idaho, for debtor.

Richard B. Eismann, Eismann Law Office, Nampa, Idaho, for Gwen Kido.

## MEMORANDUM OF DECISION

ALFRED C. HAGAN, Chief Judge.

The debtor-in-possession has requested an order from the court allowing the debtor to distribute from a sale of assets of the estate a portion of the proceeds to secured creditors West One and Emi Kido and to pay a personal tax obligation to Canyon County, Idaho. An order approving the distribution of funds to West One and Canyon County was entered on March 13, 1992. That part of the motion concerning the payment to Emi Kido was set for further hearing. An evidentiary hearing as to the distribution of funds to Emi Kido was heard on April 8, 1992 and April 10, 1992.

The debtor's estranged wife, Gwen Kido, has objected to the disbursement of funds to Emi Kido, the debtor's mother. The proposed distribution is to pay two secured promissory notes given by the debtor to his mother for repayment of loans. Gwen Kido asserts the following objections to the disbursement:

1) Emi Kido, as the mother of the debtor, is an insider. Therefore her claim must be subject to closer scrutiny.

2) Disbursement at this time would deprive Gwen Kido of her community property interest. Gwen Kido contends there are various offsets that should be applied to reduce the balance of the debt owed to Emi Kido. She also contends any disbursement would result in a determination of the parties property rights which is the providence of the state divorce court.

3) There should be no disbursement on the July 1990 note as it was signed only by Duane Kido. Additionally, the note did not provide for any interest payments and it is not due until July 1998. Gwen Kido further argues the July 1990 note is not a secured obligation as it is a subsequent obligation incurred only by the debtor, Duane and the original security agreement only covers subsequent obligations incurred by the "Debtor" which is defined in the original agreement to be both Duane and Gwen Kido.

4) There has not been an adequate accounting of the equipment sale proceeds to enable the court to ascertain, where both West One and Emi Kido have a security interest in the farm equipment, if the proceeds from the sale of a certain piece of equipment have been applied to the lien of West One. If the proceeds have been so applied then it would not be available to be disbursed to Emi Kido. Essentially, Gwen is arguing that a disbursement of the full amount to Emi would mean she is getting payment from equipment in which she held no security interest and which is community property in which Gwen Kido has an interest.

5) There is no evidence Emi Kido is the lawful holder of the 1986 security agreement and promissory note on which Mas Kido is listed as the creditor due to the death of her husband, Mas Kido.

## DISCUSSION

■ The fact Emi Kido is an insider does not void her claim. A full evidentiary hearing has been held wherein the debtor has been required to show the dealings with his mother were arms-length transactions. The debtor has met this burden of proof. A portion of the obligation was incurred as a result of Gwen's refusal to authorize the community to obtain necessary operating capital in the form of bank loans, requiring the debtor to borrow from his mother.

■ Gwen Kido testified she believed the claim of Emi Kido should be offset by the various gifts given by Duane Kido to his parents. However, the evidence does not show any transfer to the parents which did not constitute classification of anything other than a gift.

■ Regardless of the use of names to identify the debtor, Gwen, or the community, the obligations to Emi Kido are valid community obligations. Each party to the community can bind the community.[1] It is further found Emi Kido has a valid security interest in the equipment for the 1986 loan and 1990 loan. The 1986 security agreement provided it would also cover future advances.

There has been an adequate accounting by the debtor as to the proceeds from the sale of the farm equipment.

There is sufficient evidence in this record to support a finding Emi Kido holds an interest in the notes and would succeed to the interests of her deceased husband, Mas Kido. Under the provisions of 11 U.S.C. § 502(a) the claim of Emi is deemed allowed unless there is a filed objection to claim, and under the provisions of F.R.B.P. 3001(f) such claim is entitled to prima facie evidence of the amount and validity of the claim. For the same reasons, it is assumed the claim of Emi Kido is fully secured despite any cross collateralization with West One Bank.

■ As has been previously noted in this case, where one party to the community files a petition for relief, the provisions of 11 U.S.C. § 541(a)(2) cause the community property interests of both parties, or, the entire community, to become property of the estate, at least, in Idaho where the community property is under the control and management of both parties. Since the community property is property of the

**1.** Idaho Code § 32–912.

estate, it is subject to the jurisdiction of this court. This court further has authority to defer issues for decision to a state court concerning division and distribution of community property interests, but no motion for abstention[2] has been made.

Since it has been determined the claim of Emi Kido is a secured claim, it is appropriate to pay the claim from the proceeds of sale of the secured property under the circumstances of this case even though the claim is unmatured.[3]

