**In re Raymond DEHAAN, Debtor.**

**No. 01–03124.**

United States Bankruptcy Court, D. Idaho.

March 20, 2002.

---

Randal J. French, Bauer & French, Boise, Idaho, for debtor.

Lois K. Murphy, Boise, Idaho, trustee.

## MEMORANDUM OF DECISION

TERRY L. MYERS, Bankruptcy Judge.

### BACKGROUND AND FACTS

Raymond DeHaan ("Debtor") filed for chapter 7 relief on October 18, 2001. Al-

though Debtor is married, his wife did not join in the petition. Debtor claimed several exemptions in the personal property that belonged to him and/or to his marital community. The chapter 7 Trustee, Lois Murphy, objects to the following exemptions claimed:

| Property | Authority | Value |
| --- | --- | --- |
| Household goods | § 11–605(1)(a) | $6,695.00 |
| Grandfather clock | § 11–605(1)(a) | 500.00 |
| Art prints | § 11–605(1)(b) | 200.00 |
| Misc. Books | § 11–605(1)(b) | 500.00 |
| Pictures, portraits, photos | § 11–605(1)(c) | 540.00 |
| 35mm SLR cameras (2) | § 11–605(10) | 50.00 |
| Fishing equipment | § 11–605(10) | 50.00 |
| Lawn chairs (6) | § 11–605(10) | 35.00 |
| Skis and accessories | § 11–605(10) | 400.00 |
| Camping equipment | § 11–605(10) | 575.00 |
| 1994 Pontiac Bonneville | § 11–605(3) | 4,200.00 |

*See* amended schedule C, Doc. No. 10, filed November 27, 2001; Objection to Claim of Exemption, Doc. No. 12.[1] The Trustee argues that these claimed exemptions exceed the statutory limits allowed to individuals, and that Debtor improperly attempts to include or assert exemptions which are personal to his non-filing wife. The Trustee states:

1. Debtor is seeking to expand this individual's exemptions under Idaho Code Section 11–605(1)(a), (b) and (c) (not to exceed a total value of $5,000), for a non-filing spouse who is not entitled to file exemptions in this individual's case according to Bankruptcy Code Section 522(I).

2. Debtor is seeking more than the $800.00 maximum exemption under Idaho Code Section 11–605(10).

3. Debtor is seeking to expand this individual's exemptions under Idaho Code Section 11–605(3), for a second vehicle of a non-filing spouse who is

not entitled to file exemptions in this individual's case according to Bankruptcy Code Section 522(I).

Objection, at p. 2.[2]

Oral arguments were presented at a hearing on January 16, 2002. No evidence was presented, and the parties submitted on the pleadings. The Court took the matter under advisement subject to additional briefing. The briefing was completed on February 7. This decision represents the Court's findings of fact and conclusions of law on the contested matter. Fed. R.Bankr.P. 9014, 7052.

## DISCUSSION AND DISPOSITION

### A. Basic framework

 The Court has summarized the general principles applicable to exemptions disputes:

Section 522(b) allows the debtor to exempt property of the estate from administration by the trustee. Idaho has opted out of the federal exemption scheme of § 522. Idaho Code § 11–609. Idaho law therefore controls the validity of the claimed exemption, though this Court interprets and applies the law in bankruptcy proceedings. *In re DeBoer,* 99.3 I.B.C.R. 101, 102, 1999 WL 33486710 (Bankr.D.Idaho 1999). *Accord, Yaden v. Osworth (In re Osworth),* 234 B.R. 497, 498 (9th Cir. BAP 1999).

A claim of exemption will be valid unless a party in interest or the trustee objects and that objector satisfies its burden of proving that the exemption is improperly claimed. Fed.R.Bankr.P. 4003(c). Further, as stated in *DeBoer:*

---

**1.** Debtor makes other claims of exemption on this schedule to which no objection is raised. Those exemptions are therefore allowed.

**2.** Debtor's original schedule C claimed a $3,000.00 exemption in the Bonneville, and another $3,000.00 exemption in a Toyota

pickup truck. This is what the Trustee refers to in her Objection regarding § 11–605(3). The amended schedule C makes it clear that "both" exemptions are now claimed in the Bonneville. The thrust of the Trustee's objection thus still remains.

Exemptions are to be liberally construed in order to protect the Debtor and his fresh start. Still, the statutory language cannot be "tortured" in the guise of liberal construction.

*Id.*, 99 I.B.C.R. at 102, 1999 WL 33486710, citing [*In re*] *Collins*, 97.3 I.B.C.R. [78 (Bankr.D.Idaho 1997) ] at 79.

*In re Marples*, 266 B.R. 202, 205, 01.3 I.B.C.R. 116, 117 (Bankr.D.Idaho 2001).

### B. Nature of the dispute

The subject exemptions here arise under Idaho Code § 11–605. The pertinent subsections at issue in this case provide:

**11–605. Exemptions of personal property subject to value limitations.**

(1) An individual is entitled to exemption of the following property to the extent of a value not exceeding five hundred dollars ($500) on any one (1) item of property and not to exceed a total value of five thousand dollars ($5,000) for all items exempted under this subsection:

(a) Household furnishings, household goods, and appliances held primarily for the personal, family, or household use of the individual or a dependent of the individual;

(b) If reasonably held for the personal use of the individual or a dependent, wearing apparel, animals, books, and musical instruments; and

(c) Family portraits and heirlooms of particular sentimental value to the individual.

(2) An individual is entitled to exemption of jewelry, not exceeding one thousand dollars ($1,000) in aggregate value, if held for the personal use of the individual.

(3) An individual is entitled to exemption, not exceeding one thousand five hundred dollars ($1,500) in aggregate value, of implements, professional books, and tools of the trade; and to an exemption of one (1) motor vehicle to the extent of a value not exceeding three thousand dollars ($3,000).

. . .

(10) An individual's aggregate interest in any tangible personal property, not to exceed the value of eight hundred dollars ($800).

In the present case, the exemptions claimed by Debtor under § 11–605(1)(a) alone total $7,195.00. He also asserts exemptions under § 11–605(1)(b) totaling $1,200.00 [3] and exemptions under § 11–605(1)(c) of $540.00. This totals $8,935.00 for all property claimed under § 11–605(1). The Trustee contends that a maximum of $5,000.00 is statutorily available to an individual debtor, and that $3,935.00 of these exemptions should be disallowed.

Debtor also claims property worth $1,110.00 exempt under § 11–605(10). The Trustee contends that the $310.00 in excess of that subsection's value limit of $800.00 must be disallowed.

Finally, Debtor claims a total vehicle exemption under § 11–605(3) of

---

**3.** The Trustee's Objection identified $700.00 of exemptions claimed under § 11–605(1)(b). The Trustee, however, omitted mention of the $500.00 in wearing apparel also claimed by Debtor under § 11–605(1)(b). It appears from the record that Debtor has in fact claimed a total of $1,200.00 under § 11–605(1)(b), and thus claimed a total exemption of $8,935.00 under subsections (a), (b) and (c) of § 11–605. *See* Amended Schedule C filed November 27, 2001. However, the oversight of the Trustee does not materially impact the Trustee's basic objection, which is that $5,000.00 is a cap on all items claimed under § 11–605(1).

$4,2000.00.[4] The Trustee contends a vehicle exemption of only $3,000.00 is available to Debtor.

■ In response, Debtor contends that he is entitled to assert exemptions in the property of his estate on behalf of his non-debtor spouse, thus increasing the value caps to a level which equals what he and his wife would be able to claim in a § 302 joint case.

### C. Property of the estate

■ Resolution of the dispute starts with several basic propositions. When a debtor files a petition for relief, "all legal or equitable interests of the debtor in property as of the commencement of the case" become "property of the [bankruptcy] estate." § 541(a)(1). Additionally, when the debtor is married and resides in a community property state, property of the bankruptcy estate includes:

> (2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is—
>
> > (A) under the sole, equal, or joint management and control of the debtor; or
> >
> > (B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.

§ 541(a)(2). This provision operates whenever one spouse in Idaho chooses to file a petition for relief. *Fitzgerald v. Clarke (In re Clarke)*, 99.4 I.B.C.R. 164 (Bankr.D.Idaho 1999) held:

> The filing of Debtor's petition in bankruptcy created a bankruptcy estate, which included all community property of the debtor and the debtor's spouse of which the debtor had sole, equal, or joint management and control. 11 U.S.C. § 541(a)(2); *Dumas v. Mantle (In re Mantle)*, 153 F.3d 1082, 1085 (9th Cir. 1998) (all community property not yet divided by a state court is property of the bankruptcy estate). In Idaho, all community property is subject to equal or joint management by each spouse. Idaho Code § 32–912; *Twin Falls Bank & Trust Company v. Holley*, 111 Idaho 349, 723 P.2d 893 (1986). Accordingly, all the community property held by Debtor and Defendant on the date Debtor's bankruptcy petition was filed, including the Wendell residence, became property of Debtor's bankruptcy estate on December 8, 1997.

*Id.*[5]

### D. Exemptions in bankruptcy cases

A debtor is entitled to assert exemptions in order to protect a portion of the property of the estate from administration by the trustee for the benefit of creditors:

> (b) *Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property*

---

4. This represents the entire value of the Bonneville according to schedule B. There are no liens on this vehicle. *See* schedule D.

5. *See also, In re Kido*, 92 I.B.C.R. 64, 65–66 (Bankr.D.Idaho 1992) (community property became property of estate of filing spouse; non-filing spouse's interests protected under § 363(h)–(j)); *In re Kido*, 142 B.R. 924, 925, 92 I.B.C.R. 119, 120 (Bankr.D.Idaho 1992) (estate of filing spouse includes community property); *accord, Teel v. Teel (In re Teel)*, 34 B.R. 762, 764 (9th Cir. BAP 1983) (spouse's bankruptcy brought all community property within bankruptcy court's jurisdiction notwithstanding pending marital dissolution proceeding; to the extent of conflict between state law on division of community property and bankruptcy provisions, the latter will control under the supremacy clause, Article IV, Clause 2 of the U.S. Constitution).

*listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection.* In joint cases filed under section 302 of this title and individual cases filed under section 301 or 303 of this title by or against debtors who are husband and wife, and whose estates are ordered to be jointly administered under Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, one debtor may not elect to exempt property listed in paragraph (1) and the other debtor elect to exempt property listed in paragraph (2) of this subsection. If the parties cannot agree on the alternative to be elected, they shall be deemed to elect paragraph (1), where such election is permitted under the law of the jurisdiction where the case is filed.

§ 522(b) (emphasis supplied).[6]

■ The exemptions themselves may be provided by state law, however the method and ramifications of asserting them in a bankruptcy case is governed by federal law. *See, e.g., Owen v. Owen,* 500 U.S. 305, 313, 111 S.Ct. 1833, 1838, 114 L.Ed.2d 350 (1991) (opt-out policy is not an "absolute" deferral to states; exemptions provided in opt-out states must be considered in conjunction with whatever "competing

or limiting policies" the Bankruptcy Code contains).[7] *See also, Cisneros v. Kim, (In re Kim),* 257 B.R. 680, 687–88 (9th Cir. BAP 2000), citing *Patriot Portfolio v. Weinstein, (In re Weinstein),* 164 F.3d 677, 682–83 (1st Cir.1999), cert. denied, 527 U.S. 1036, 119 S.Ct. 2394, 144 L.Ed.2d 794 (1999) (state's ability to define its exemptions is not absolute and must yield to conflicting policies in the Code).[8] Thus the several arguments of Debtor as to what he or his non-filing spouse might be able to claim or protect in the event of state court litigation, even if correct, are misguided. The issue here is what Title 11 of the U.S.Code allows Debtor, or his non-debtor spouse, to do in Debtor's bankruptcy case.

### E. Claiming exemptions in the single spouse case

The Bankruptcy Appellate Panel in *Burman v. Homan (In re Homan),* 112 B.R. 356 (9th Cir. BAP 1989) held:

> The filing by a spouse of an individual bankruptcy petition creates an estate which encompasses *community property* that is under the spouse's joint management and control as of the date of the petition. 11 U.S.C. § 541(a)(2)(A); *In*

---

**6.** The reference to "paragraph (1)" in the emphasized portion is to § 522(b)(1) which allows use of the federal exemptions under § 522(d), and "paragraph (2)" refers to § 522(b)(2) which allows for exemption under state and local law, and federal law other than § 522(d). Because Idaho has exercised the right to "opt out" contained in § 522(b)(1), *see* Idaho Code § 11–609, exemptions in bankruptcy cases in this District must be claimed under § 522(b)(2). The balance of the quoted portion of § 522(b) is not applicable here, because we are dealing neither with a joint case filed under § 302, nor with two separate individual cases filed under § 301 which have been ordered jointly administered.

**7.** *Owen* rejected a construction and application of state exemption law that would have

the effect of negating a debtor's recourse to lien avoidance under § 522(f). This Court twenty years ago reached a similar conclusion. *See Strain v. Valley Bank (In re Strain),* 16 B.R. 797, 82 I.B.C.R. 20 (Bankr.D.Idaho 1982).

**8.** *See also, In re Cross,* 255 B.R. 25, 33–34 (Bankr.N.D.Ind.2000), noting that restrictions on an opt-out state's ability to "define" exemptions are based on two fundamental principles: that states may not pass laws to interfere with or compliment federal bankruptcy law, and that state laws that alter the balance Congress has struck between the relative rights of debtors and their creditors frustrate the full effectiveness of federal law and are therefore improper.

re Fietz, 852 F.2d 455, 458 (9th Cir. 1988); In re Willard, 15 B.R. 898, 900 (9th Cir. BAP 1981). The right to claim exemptions in this property vests *solely* in that spouse. 11 U.S.C. § 522(b). *See* 4 *Collier on Bankruptcy,* ¶ 541.15 at 541–82 (15th ed.1989).

Id. at 359 (emphasis in original). This Court, in *Clarke,* acknowledged that "[t]he right to claim exemptions in community property is vested by the Bankruptcy Code solely in the debtor spouse." 99.4 I.B.C.R. at 164, citing *Homan.*

Debtor's wife did not join him in filing for bankruptcy relief. Thus, the right to claim exemptions in any property of the estate, including the community property brought into the estate under § 541(a)(2), is vested solely in Debtor.[9]

The language of § 541 and § 522 is sufficiently clear. All legal and equitable interests in property of an individual on the date of filing, including community property under the joint or equal management of that individual, will become property of the estate. All property of the estate will be administered unless it is validly exempted. Under § 522(b), "an individual debtor" may claim exemptions. The non-debtor spouse is, within the structure of these provisions, a "dependent." *See* § 522(a)(1). There is nothing in the Code that allows non-debtors, dependents or otherwise, to assert in the bankruptcy an exemption personal to such non-debtors.[10] Nor is there anything in the Bankruptcy Code that allows the debtor to assert an exemption belonging not to him but, instead, to his non-debtor dependents.

## F. Extent of the state exemption

■ The focus therefore turns next to the state statutes to determine the extent of the exemptions that this individual Debtor, personally, may claim under § 522(b). As stated in *Lares v. West One Bank (Idaho) (In re Lares),* 188 F.3d 1166 (9th Cir.1999):

In bankruptcy actions, the federal courts decide the merits of state exemptions, but the validity of the claimed state exemption is controlled by the applicable state law.

Id. at 1168, quoting *Redwood Empire Production Credit Association v. Anderson, (In re Anderson),* 824 F.2d 754, 756 (9th Cir.1987). *See also, In re Longmore,* 273 B.R. 633, 635–36 (Bankr.D.Nev.2001).

■ As *Lares* notes, the federal courts use state rules of construction in interpreting such statutes. 188 F.3d at 1168. Those rules require that attention be given, first and primarily, to the words of the statute, which are to be given their "plain, obvious and rational meanings." Id. at 1169 (citations omitted). If there is no ambiguity, then the statute is applied as written. *Id.; accord, In re Duman,* 00.3 I.B.C.R. 137, 2000 WL 33712219 (Bankr.D.Idaho 2000) (applying identical rules of construction).

The Idaho statutes applicable here provide that an "individual debtor" can claim

---

**9.** There is a limited ability for a non-debtor to assert an exemption in a bankruptcy case. Section 522(l) provides that, if a debtor does not file a list of exemptions, a dependent of the debtor may file such a list, or may claim property as exempt on behalf of the debtor. *See also* Fed.R.Bankr.P. 4003(a) (providing time limit for dependent to file list). This exception is not at issue in the present case.

**10.** Even the limited exception of § 522(l) only allows the dependent to assert an exemption "on behalf of the debtor." *See In re Cathcart,* 203 B.R. 599, 604, n. 10 (Bankr.E.D.Va.1996) ("The dependent in such a [§ 522(l) ] situation, however, is asserting the debtor's exemption (the allowance of which would presumably benefit the dependent) and not the dependent's own exemption.")

personal property exemptions only up to specified limits, *i.e.*, $5,000.00 for all items under §§ 11–605(1)(a) through (1)(c) with a cap of $500.00 for any single item; $800.00 for all items under the catch-all of § 11–605(10); and $3,000.00 for equity in a vehicle under § 11–605(3). The plain language speaks to the right of the "individual" debtor to claim exemptions within the relevant monetary limits. It does not purport to authorize such a debtor to claim a second set of like exemptions for another individual (*i.e.*, his spouse).

Debtor argues that additional § 11–605 exemptions would be available to his non-filing wife if they had filed jointly.[11] This, however, is not material; they did not file a joint petition. Debtor also argues that his spouse would be able to claim exemptions in the event of a nonbankruptcy levy by a creditor.[12] But we do not deal here with a levying creditor, and the rights asserted by the Trustee are not derivative of rights of creditors outside bankruptcy. Nor is the exemption at issue here being asserted by the "third party" (the non-debtor spouse). The analogies are unpersuasive.

## CONCLUSION

This appears to be a case of first impression. However, the language of the statutes, both state and federal, and the guidance provided by the decisional law interpreting those statutes, support the Trustee's position.

The result may be seen by some as harsh. However, choices almost always have consequences and, as *Homan* notes, there indeed are consequences when only one spouse files bankruptcy. While some harshness may be ameliorated by other Code provisions, *see, e.g., Homan,* 112 B.R. at 360, the particular inequity Debtor perceives to exist here may not be. But that is not something which should be corrected by judicial fiat. Debtor in essence places on the shoulders of "equity" and "liberal construction" of the exemption statutes more weight than they will bear.

In conclusion, Debtor is entitled to claim and will be allowed those exemptions available to him as an individual under § 522(b) and I.C. § 11–605. He is not allowed to assert in this case exemptions which are personal to his non-debtor spouse. Thus, Debtor is limited to a total exemption of $5,000.00 for all items claimed under § 11–605(1)(a) through § 11–605(1)(c), $800.00 for all items claimed under § 11–605(10), and $3,000.00 for a motor vehicle claimed under § 11–605(3). The Trustee shall submit an appropriate form of order.

**11.** She would then be entitled as a debtor to claim exemptions, subject to the restrictions of § 522(b). These would include those exemptions state law provides to "an individual" such as those under § 11–605. *See In re Hoffpauir,* 258 B.R. 447, 457 (Bankr.D.Idaho 2001); *accord,* 4 L. King, Collier on Bankruptcy, ¶ 522.04[5], at p. 522–23 through 522–24 (15th ed. rev.2001) (recognizing possibility in certain jurisdictions for debtors selecting state exemptions to double the monetary amount without violating § 522(b)).

**12.** Debtor relies on § 11–203, which discusses, *inter alia,* a claim to an exemption by a "third party" when a defendant/debtor's property is levied upon.