**In re James Anthony PEREZ, Debtor.**

**No. 2–03–07641–PHX–RJH.**

United States Bankruptcy Court,
D. Arizona.

Dec. 18, 2003.

Randy Nussbaum, Kevin J. Rattay, Jaburg & Wilk, P.C., Scottsdale, AZ, for Debtor.

Ronald L. Hoffbauer, Esq., Phoenix, AZ, Chapter 13 Trustee.

Rex C. Anderson, Shapiro & Anderson, LLP, J. Matthew Derstine, Roshka, Heyman & Dewulf, PLC, Teresa H. Foster, Ellis & Baker, P.C., Irena Jurasova, Allen & Sala, PLC, Phoenix, AZ, Mark A. Shields, Gillespie & Associates, PC, Mesa, AZ, for creditors.

## OPINION

RANDOLPH J. HAINES, Bankruptcy Judge.

The Debtor has asserted exemptions as to community property that state law makes available to his non-filing spouse. The Trustee has objected, asserting that both the Bankruptcy Code and state law only permit an individual to claim exemptions personal to him, and that nondebtors are not entitled to list their own exemptions in a bankruptcy case. The Court sustains the Debtor's claimed exemptions because the Bankruptcy Code permits states to exempt community property from community debts, and Arizona law permits one spouse to assert the community exemptions on behalf of the community.

### Facts

James Anthony Perez ("Debtor" or "Mr. Perez") filed this Chapter 13 case individually. His wife, Bonnie Perez ("Mrs.Perez"), did not join in the petition, so this is

not a joint case pursuant to Bankruptcy Code § 302.[1] Mr. and Mrs. Perez are in the process of dissolving their marriage, but the dissolution has not been concluded. Nevertheless, even though only one of the spouses filed this case, all of their community property becomes property of the estate.[2]

In his list of exemptions, the Debtor claimed as exempt both property that Arizona law would permit him to exempt individually, and that Arizona law would permit his spouse to exempt.[3] The Trustee objected to the Debtor's claim of exemption for one car up to a value of $10,000, because Arizona law permits each spouse to exempt an automobile of a value only up to $5,000, and to the Debtor's claim to exempt two dogs, a wedding ring, clothing and furnishings in his wife's possession.

There being no material facts in dispute, the parties briefed the issues as a matter of law and the Court took the matter under advisement after oral argument.

## Analysis

There is very little law on the precise point at issue here, although there is one bankruptcy court decision directly on point.

In *Burman v. Homan (In re Homan)*, 112 B.R. 356 (9th Cir. BAP 1989), the BAP held that a non-filing wife could not claim an exemption because the Bankruptcy Code vested the right to claim exemptions solely in the filing spouse. For two reasons, that holding does not dictate the result here. First, it is factually distinguishable because it arose in a state that had not opted out of the option for federal exemptions, and the debtor husband had asserted the federal exemptions whereas the non-filing wife attempted to claim the state exemptions. *Homan* does not appear to have any application where the two exemption options are not available and the spouses do not disagree. Here, only the state exemptions are available, and the non-filing wife has joined the Debtor's opposition to the Trustee's objection. Second, *Homan* involved an attempt by a nondebtor to claim exemptions in a bankruptcy case. Here, the nondebtor wife has not attempted to claim her own exemptions; instead, the Debtor has sought to claim exemptions on behalf of the marital community or on behalf of his non-filing

---

1. Unless otherwise noted, all statutory and rule references are to the United States Bankruptcy Code, 11 U.S.C, §§ 101–1330, and the Federal Rules of Bankruptcy Procedure.

2. The Bankruptcy Code provides, in pertinent part, that the bankruptcy "estate is comprised of all of the following property, wherever located and by whomever held: ... All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is—under the sole, equal, or joint management and control of the debtor ...." 11 U.S.C. § 541(a)(2)(A). Arizona community property satisfies this definition because Arizona Revised Statutes ("A.R.S.") § 25–214(B) provides that the "spouses have equal management, control and disposition rights over their community property and have equal power to bind the community."

3. As permitted by Bankruptcy Code § 522(b)(1), Arizona has opted out of the federal exemptions. A.R.S. § 33–1133(B). Although "only one homestead exemption may be held by a married couple or a single person" pursuant to A.R.S. § 33–1101(B), all of Arizona's exemptions of personal and intangible property may be claimed by each spouse. A.R.S. § 33–1121.01 provides: "In the case of married persons, each spouse is entitled to the exemptions provided in this article, which may be combined with the other spouse's exemption in the same property or taken in different exempt property." Thus, for example, because A.R.S. § 33–1125(8) permits the exemption of "one motor vehicle not in excess of a fair market value of $5,000," the two spouses together can exempt two vehicles, provided the value of each is less than $5,000, or can exempt one vehicle up to a total value of $10,000.

wife. Consequently while *Homan* does stand for the proposition that only the filing spouse can claim exemptions, it does not answer the question whether the filing spouse can claim exemptions assertable by the non-filing spouse in the community property that would otherwise become property of the estate.

The Idaho Bankruptcy Court has, however, addressed this precise question in *In re DeHaan*, 275 B.R. 375 (Bankr.D.Idaho 2002). That court concluded that the debtor could not claim exemptions on behalf of his non-filing spouse. The opinion relied primarily on the language of the Code to reach that result. It noted that only an "individual debtor" may claim exemptions pursuant to § 522(b), and that a debtor's dependent such as a non-filing spouse may assert exemptions pursuant to § 522(*l*) only if the debtor fails to claim any exemptions.

While those two conclusions are correct, as is the conclusion that "[t]here is nothing in the Code that allows non-debtors, dependents or otherwise, to assert in the bankruptcy an exemption personal to such non-debtors," *Id.* at 381, they do not really answer the question whether the debtor can assert an exemption in community property that state law would permit him to assert on behalf of the community. Nonetheless, that is the conclusion the *De-Haan* court reached: "Nor is there anything in the Bankruptcy Code that allows the debtor to assert an exemption belonging not to him but, instead, to his non-debtor dependents." *Id.*

■ In fact, the Code may permit a debtor to assert state law exemptions on behalf of a non-filing spouse. While only

the debtor may claim the exemptions, in an opt out state the exemptions that the debtor may claim are to "property that is exempt under ... State or local law ...." 11 U.S.C. § 522(b)(2)(A). Thus the Bankruptcy Code itself does not limit the Debtor to claiming exemptions that would be available under state law if he were a single person. Instead, the Code permits the Debtor to claim as exempt any property that "is exempt" under state law. Thus the proper question is whether, under state law, the Debtor could claim that the property "is exempt" from community debts by asserting not only his own, but also his wife's exemptions.

■ Under Arizona law, the amount of personal property exemptions of the two spouses is generally double the amount that each spouse could claim as a single person. There is nothing in Arizona law that prohibits one spouse from asserting both exemptions. To the contrary, A.R.S. § 25–215(D) provides that "either spouse may contract debts and otherwise act for the benefit of the community." Here, there can be no doubt that the filing spouse, in claiming his non-filing spouse's exemptions, is acting for the benefit of the community. Moreover, this apparently unlimited ability of either spouse to "act for the benefit of the community" is in contrast to the list of just three specific instances when the joinder of both spouses is required to bind or burden the community.[4]

This Court is not in a position to determine whether there is a sufficient difference in the Idaho community property laws to support the contrary conclusion reached by the *DeHaan* court.[5] It is suffi-

---

**4.** A.R.S. § 25–214(C) requires the joinder of both spouses in real property transactions, guarantees and indemnities, and to bind the

community after service of a petition for dissolution.

**5.** Such a difference seems unlikely, however, because § 541(a)(2) only brings community

cient to note that this Court disagrees that the *DeHaan* result is compelled solely by the Bankruptcy Code, without regard to state law. Moreover, although this Court agrees that the *DeHaan* result is "harsh," 275 B.R. at 382, this Court disagrees that such harshness is unavoidably compelled by the language of the Code. The harshness arises from the fact that all community property comes into the estate and becomes liable for all community debts, even though only one spouse has filed. Under state law, the non-filing spouse's exemption would immunize that portion of the community property from payment of community debts, but such property would become liable for those debts under the *DeHaan* result. The only way for the non-filing spouse to avoid that result would be to file her own bankruptcy, yet state law makes her exemptions equally available to protect property from creditors' claims both inside and outside of bankruptcy. Consequently the community creditors and the bankruptcy trustee are put in a better position by the *DeHaan* result than they would be under state law. This is not the purpose of the Bankruptcy Code's, or the Bankruptcy Act's, incorporation of state law exemption rights, the purpose of which is to ensure that "the trustee takes in each state whatever would have been available to the creditor[s] if the bankruptcy law had not been passed." *Hanover Nat'l Bank v. Moyses*, 186 U.S. 181, 190, 22 S.Ct. 857, 46 L.Ed. 1113 (1902). It

would also be contrary to the admonition of the Arizona courts that the exemption laws are to be construed "liberally" to advance the objectives of the statutes to "protect the family from the forced sale" of exempt property.[6]

The Trustee's concern for potential abuse does not appear likely to occur. The Trustee hypothesizes that married persons could file separate bankruptcies and then each of them could claim a double set of exemptions. But if the spouses file separately, one of the two cases would have to be filed first. Pursuant to § 541(a)(2)(A), all of the community property would be vested in the estate of that first-filing spouse. The only property that would come into the estate of the second-filing spouse would be her separate property. There would probably be no duplication of exemptions, because the first-filing spouse could not have exempted any of the second spouse's separate property, which was not property of that estate. It would take a strange and unique set of circumstances for there to be any duplication, although this is theoretically possible.[7] In that event, however, creditors or the trustee could object to whichever claim of exemption exceeded the total amount allowed under state law. The Court is confident that Bankruptcy Rule 9011 will preclude attorneys from seeking to claim a double set of exemptions where it might be possible to do so, and in any event that alert trustees can adequately respond to such

property into a single spouse's estate if it is subject to the "equal, or joint management and control of the debtor." It would seem odd for a community property law to subject community property to the equal and joint management of one spouse and yet preclude that spouse from seeking to exempt community property from community debts by asserting the other spouse's exemption rights.

**6.** *Matcha v. Winn,* 131 Ariz. 115, 117, 638 P.2d 1361 (1981).

**7.** For example, the spouses could own three automobiles, each of which is worth $5,000. If two of those automobiles were community property, the first-filing spouse could exempt both of them on behalf of the community. If the third vehicle was the separate property of the second-filing spouse, she might then also seek to claim an exemption as to her separate property.

abuses should they occur. *See e.g. Flinn v. Morris (In re Steward)*, 227 B.R. 895 (9th Cir. BAP 1998) (addressing spouses' conflicting exemption claims in separate bankruptcy cases).

### Conclusion

For the foregoing reasons, the Court sustains the Debtor's exemption claims and denies the Trustee's objections.